UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                          MEMORANDUM & ORDER

     v.                                                              03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

              Defendants.
-----------------------------------------------------------X

GARAUFIS, United States District Judge.

On January 13, 2006, the Government moved in limine to admit evidence of misconduct by defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo") (collectively "Defendants") that is not charged in the present indictment.[1] The Government seeks to introduce this evidence in order to prove the existence of the charged RICO conspiracy and as "other act" evidence under Federal Rule of Evidence 404(b) ("Rule 404(b)"), and to introduce co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E). (Gov't Mot. Admit Certain Evid. ("Gov't Mem."))

Basciano responds to the Government's motion that the other acts are not admissible to prove the existence of the conspiracy because he does not dispute its existence. (Basciano Mem. Opp. Gov't Mot. ("Basciano Resp.").) He further asserts that the acts alleged are more prejudicial than probative under Federal Rule of Evidence 403 ("Rule 403") and that they

---

[1] On the same day the Government filed a second, supplemental motion in limine under seal, which will not be addressed at this time.

1

overwhelm the charged acts. (Id.) With respect to the "other act" evidence, DeFilippo responds that these issues are appropriately addressed during the trial. (DeFilippo Ltr Br. of Jan. 31, 2006 ("DeFilippo Resp.").) He also argues that co-conspirator statements made while DeFilippo was in jail cannot be used against him as DeFilippo was not a part of the conspiracy while incarcerated. (Id.)

Basciano, in turn, cross-moves in limine to exclude evidence of co-conspirator statements. He further moves to recuse Assistant United States Attorney Greg Andres ("AUSA Andres"), or in the alternative to exclude from this trial evidence of allegations that Basciano conspired to kill AUSA Andres. The Government responds that it is not necessary to do either.

I find the cross-motions on the admissibility of co-conspirator statements are premature. I reserve decision on the admissibility of co-conspirator statements until the Government attempts to introduce any such statements at trial. The Government's motion in limine is granted in part and denied in part. Basciano's motion to recuse AUSA Andres is moot.

## ANALYSIS

The Government asserts in its motion that it may introduceevidence of uncharged acts as substantive evidence to prove the racketeering conspiracy count, and/or as "other act" evidence under Rule 404(b). I consider each of these assertions in turn.

### I. Substantive Evidence of the Conspiracy

As a general matter, the Government is permitted to introduce evidence of uncharged misconduct in order to prove the existence of the criminal enterprise at issue. See, e.g. United States v. Concepcion, 983 F.2d 369, 392 (2d Cir. 1992); United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003). "[E]vidence of uncharged criminal activity is not considered 'other crimes'

2

evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989) (internal quotations and citation omitted). As Basciano has conceded the existence of the Bonanno organized crime family for this trial (Basciano Resp.), the Government no longer bears the burden of proving the existence of the enterprise. Given the lack of dispute over the existence of the enterprise, the unfair prejudice of the Government's proposed evidence substantially outweighs its probative value to prove such existence. I, therefore, find that this evidence is inadmissible for that purpose.

It is axiomatic that evidence is admissible, whether as substantive evidence or under Federal Rule of Evidence 404(b), only if it is "relevant to some disputed issue in the trial." United States v. Figueroa, 618 F.2d 934, 939 (2d Cir. 1980). Where a defense does not contest an element of an offense, the Government may not use evidence to show that element. See United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); United States v. Colon, 880 F.2d 650, 656-57 (2d Cir. 1989); United States v. Ortiz, 857 F.2d 900, 903-04 (2d Cir. 1988); Figueroa, 618 F.2d at 942.

The Government's contention that the inadmissibility of evidence to show an undisputed element is limited to the intent element of a crime (Gov't Reply Mot. Admit ("Gov't Reply"), at 12-16) is contrary to the Second Circuit's reasoning in Figueroa. "Whether an issue remains sufficiently in dispute for . . . evidence to be material and hence admissible, unless the prejudicial effect of the evidence substantially outweighs its probative value, depends" on the clarity by which defense counsel expresses the "decision not to dispute that issue." Figueroa, 618 F.2d at

3

942. Although this issue is typically manifested when a defendant asserts a defense, such as mistaken identity, that takes the intent element out of dispute, and the Government seeks to show intent through Rule 404(b) evidence, there is nothing in Figueroa that thereby limits its applicability. On the contrary, the Second Circuit has expressly contemplated that:

> Presumably, a RICO defendant could stipulate that the charged RICO enterprise existed and that the predicate acts, if proven, constituted the requisite pattern of racketeering activity. The evidence of crimes by others might then be excluded, and the defense would stand or fall on the proof concerning the predicate acts charged against the particular defendant.

United States v. DiNome, 954 F.2d 839, 844 (2d Cir. 1992). Thus, the admissibility of evidence regarding an element of a crime depends not on the nature of the element, but rather the degree to which the element is undisputed. As Basciano stipulates to the existence of the Bonnano enterprise, and that the predicate acts, if proven, form the requisite pattern of racketeering activity, and providing that he does not subsequently open the door by contesting these facts, I find that evidence to show the element of this offense to be outweighed by the unfair prejudice under Rule 403, and therefore inadmissible.

The court will hold Basciano to his proffer that he concedes the existence of the Bonanno organized crime family, as I have relied on his statements in reaching this decision. As DeFilippo did not state whether he plans to dispute the existence of the enterprise; if he does so, the Government may ask the court to consider this question de novo.

The Government alerts the court to the fact that Basciano has already contested one of the racketeering act charges in pre-trial proceedings as being outside the scope of the enterprise. (Gov't Reply at 15 n.7) (citing Basciano's pre-trial motion to strike a RA because the government had not shown how the murder furthered or was related to the business of the crime

family.) At present time the exact limits of Basciano's concessions are unknown. Therefore, this decision cannot dispose of all issues in this regard and some will need to be ruled on during the trial. I hereby provide notice, however, that the Government will likely be allowed to introduce evidence to prove all counts of the indictment that Basciano and DeFilippo seek to contest at trial.

**II. Other Act Evidence under Rule 404(b)**

The Second Circuit has adopted an "inclusive" approach to Rule 404(b). United States v. Stevens, 83 F.3d 60, 68 (2d Cir. 1998). Evidence of other acts may be admitted for "any purpose except to show criminal propensity, unless the trial judge concludes that its probative value is substantially outweighed by its potential for unfair prejudice." United States v Germosen, 139 F.3d 120, 127 (2d Cir. 1998) (internal quotation and citation omitted). A "non-exhaustive list of purposes for which other act or crime evidence may be admitted include[s] proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." United States v. Levy, 731 F.2d 997, 1002 (2d Cir. 1984).

The Second Circuit directs trial courts to conduct a four-part inquiry into the admissibility of other acts evidence under Rule 404 (b). The court must consider whether "(1) [an act] was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice;" and (4) I must administer an appropriate limiting instruction if one is requested. United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003); see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

Here, the Government seeks to introduce other acts of gambling, loansharking/extortion, murder/murder conspiracy/attempted murder, solicitation to murder, narcotics trafficking,

5

fireworks purchase, drafting of fraudulent deed, and arson against DeFilippo and Basciano. (Gov't Reply at 4-6). The Government argues that the purpose of proving these other acts is to show intent or knowledge, motive, identity or common scheme, and/or to provide background information about the racketeering conspiracy, including the relationships of trust involved in the charged acts. (Gov't Mem. at 38-44.)

      1. Purpose of Evidence

The first requirement is that the evidence be admitted for a proper purpose, i.e. a purpose other than propensity. The Government proposes three potential purposes, each of which I will consider in turn.

        A) To prove intent or knowledge

The Government's motion to introduce 404(b) evidence for the purpose of proving intent or knowledge of the defendants is premature. The Second Circuit has held that "if the evidence is offered to prove the defendant's knowledge or intent, the offer of similar acts evidence should await the conclusion of the defendant's case and should be aimed at a specifically identified issue." United States v. Colon, 880 F.2d 650, 660 (2d Cir. 1989) (quoting United States v. Figueroa, 618 F.2d at 929). There is an exception "in cases where there [is] no doubt that the issue of intent would be disputed." Id. at 660. In some cases, however, intent or knowledge will never become an issue, such as in cases where the defense relies on the theory that the defendant did not commit the charged act at all. Id. at 657. I, therefore, reserve judgment on the admissibility of Rule 404(b) evidence to show knowledge/intent until it becomes apparent that knowledge and/or intent are contested issues at trial. See United States v. Pitre, 960 F.2d 1112, 1120 (2d. Cir. 1992) (other act evidence may be introduced during the government's case-in-

6

chief where "it is apparent that intent will be in dispute.")

    B) To prove motive or identity

 While motive and intent are both allowable purposes for admission of evidence under Rule 404(b), the Government may not use motive, identity or other permissible purposes as a pretext to submit propensity evidence to the jury. Although the Second Circuit is an "inclusive" jurisdiction, other act evidence cannot be admitted where the intention is to show the defendant's propensity toward criminality. See, e.g., United States v. Edwards, 342 F.3d 168, 177-78 (2d Cir. 2003) (evidence is not admissible where rationale requires a "propensity inference"). Purporting to introduce evidence to show motive and identity, the Government seeks to introduce evidence of other acts in order to show that if Basciano had a motive in another murder, he likely had the same motive in this murder, or that if Basciano killed someone else, he is likely identifiable as the murderer in this case. The Government's position of allowable 404(b) motive or identity evidence is unsupported in Rule 404(b) or Second Circuit precedent.

 To support its position on identity, the Government cites cases where evidence of highly specific, signature crimes are admissible to prove identity. See, e.g., United States v. Sappe, 898 F.2d 878 (2d Cir. 1990) (evidence showing the defendant had previously committed other bank robberies within the same nine-block area and that he had always used a toy gun hidden inside a folded newspaper was admissible); United States v. Mills, 895 F.2d 897 (2d Cir. 1990) (signatures crimes admissible where they are "so nearly identical in method as to ear-mark them as the handiwork of the accused."). The Government offered no authority, nor is this court aware of any, that would support its contention that motive is a proper purpose to prove that Basciano's alleged motive in an uncharged act is admissible to prove Basciano's motive in a charged act.

7

Such analysis is a thinly veiled attempt to introduce evidence for propensity. Rule 404(b) is limited specifically because our criminal justice system does not find a defendant's *other* misconduct to be admissible evidence to prove that he or she is more likely than someone else to have committed a particular crime. In its briefing, the Government identifies no "signature" or highly identifying aspect to any of the crimes that Basciano is charged with or in the list of alleged other acts it seeks to admit. In fact, in arguing that there is a "common scheme," the Government identifies the murders as "typical 'gangland hits' where the victims were murdered by gunshot." (Gov't Mem. at 44). Obviously, a shooting cannot be simultaneously a unique modus operandi and typical. I, therefore, deny the Government's motion to admit evidence of other acts in order to prove the defendants' motive or identity.

          C) Complete the story

Next, I consider the Government's argument that evidence of other acts of misconduct are admissible to show the development of relationships of trust and a background history of the racketeering conspiracy. The Second Circuit has found that trial courts have discretion to admit "other acts" for this purpose. See, e.g., United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000); United States v. Rosa, 11 F.3d 315, 333-34 (2d Cir. 1993). The Government asserts in its reply that it also seeks to admit evidence for the purpose of corroborating the testimony of cooperating witnesses. (Basciano Rep. at 7-8). This is also a proper purpose for the admission of other act evidence. See United States v. Everett, 825 F.2d 658, 660 (2d Cir. 1987); United States v. Mejia-Velez, 855 F. Supp. 607, 611 (E.D.N.Y. 1994) I find that the Government's proposed uncharged acts are properly admissible in order to show the development of relationships of trust, provide background on the enterprise, and corroborate testimony of cooperating witnesses.

Although Basciano has stated his intent to concede the existence of the enterprise, other issues in the Government's case are still in dispute. See, e.g., United States v. Diaz, 176 F.3d 52, 79-80 (2d Cir. 1999) ("Although defendants-appellants conceded that they were associated with the Latin Kings, several issues still remained in dispute, including the existence, nature and operations of the RICO enterprise, and the related racketeering and drug conspiracies.")

D) Consciousness of guilt

Finally, the Government seeks to introduce evidence of Basciano's threats to family members of cooperating witnesses and/or a prosecutor assigned to cases involving the Bonanno organized crime family to show his consciousness of guilt. (Gov't Mem. at 46-48.) To support its argument, the Government cites to a number of cases where witnesses or potential witnesses were threatened or bribed. (Id., citing Carmona v. AG of New York, No. 1997 U.S. Dist. LEXIS 15791, at *25 (S.D.N.Y. Oct. 3, 1997); United States v. Bein, 728 F.2d 107, 114-15 (2d. Cir. 1984); United States v. Perez, 387 F.3d 201, 208-09 (2d Cir. 2004); United States v. Michens, 926 F.2d 1323, 1328-39 (2d Cir. 1991). I find that threatening family members of witnesses or an associate for fear he may become a cooperating witness is similarly admissible to show consciousness of guilt. I accordingly find that consciousness of guilt is a permissible purpose for the admission of certain acts by the government.[2]

2. Relevance

Evidence is admissible under Rule 404(b) only if it is relevant. Relevance is first

---

[2]The Government does not present case law on the question of whether consciousness of guilt is a proper purpose for introducing evidence of threats against a federal law enforcement official. While such a purpose is likely permissible, I find the question mooted by my decision, infra.

9

determined by the evidence's "tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence." (Fed. R. Evid. 401) Next, "[w]hen the relevancy of evidence depends on the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." Fed. R. Evid. 104(b). In the context of Rule 404(b), the standard of proof required is that "the jury could 'reasonably conclude that the act occurred and that the defendant was the actor.'" United States v. Gilan 967 F.2d 776, 780 (2d Cir. 1992) (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988).) This does not require the Government to have proved the conditional fact by a preponderance of the evidence to the court. Huddleston, 485 U.S. at 690. Nonetheless, the court must determine whether the jury "could reasonable find the conditional fact . . . by a preponderance of the evidence." Id.

While in the pre-trial phase I do not require the Government to necessarily meet that standard, I do require some offer of proof as to the facts that are conditional for almost all of these acts: whether an act was committed and whether either of the defendants had a role in that act. I find, after studying the proof offered by the Government in its motion, that most of the proposed evidence meets this minimal standard. In several cases, the only proof shown in the motion papers is the knowledge or participation of other actors that have been mentioned as potential witnesses for the Government. Clearly, the admissibility of these acts during trial depends on the Government's introduction of sufficient evidence to establish whether the jury could reasonably find that the acts were committed by the defendants by a preponderance of the evidence.

In contrast to the majority of the uncharged acts, the "solicitation/ conspiracy to murder

10

Frank Coppa, Jr., Joseph Lino, and the parents of Joseph D'Amico" was not sufficiently supported. The Government outlined the allegations, but proffered no proof whatsoever. (Gov't Mem. at 20-21.) I therefore find that, based on the information provided by the Government, there is nothing to support the contention that these acts occurred or that the defendants were involved. See, e.g., United States v. Gilan, 967 F.2d 776, 781-82 (2d Cir. 1992) ("Because there was no showing that the prior acts to be laid before the jury were the acts of [the defendant], the evidence was not shown to meet the threshold relevancy requirements of Rule 404(b).") (internal quotations and citation omitted).

Similarly, the Government provides notice that it "may also seek to admit evidence of other assaults committed by or for Basciano." (Gov't Mem. at 22 n.12.) This not only lacks an offering of proof, but also lacks any notice to Basciano as to what the Government may introduce. The Government's motion in limine to introduce evidence of the solicitation/conspiracy to murder Frank Coppa, Jr., Joseph Lino, and the parents of Joseph D'Amico and to admit evidence of "other assaults committed by or for Basciano" is therefore denied.

### 3. Prejudice that Substantially Outweighs Probative Value

A trial court has wide discretion to consider whether the probative value of relevant evidence introduced for a proper purpose is substantially outweighed by unfair prejudice under Rule 403. The court now exercises its discretion in accordance with the specific facts of this case. This is a highly complex case where the Government intends to offer voluminous testimony and evidence of defendants' guilt. Furthermore, in this case, the Government seeks to introduce a veritable mountain of other acts alleged to have been committed by the defendants.

My rulings under Rule 403 take into account these and other facts and circumstances that are particular to this case.

   A. Gambling

The Government seeks to introduce evidence that DeFilippo was involved in an illegal policy operation and a policy and sports betting operation in the 1970s, for which he is not charged in the present indictment. In addition, the Government seeks to introduce evidence that Basciano was involved in an illegal sports betting operation for which he is not charged. Notwithstanding Basciano's argument that the similarity of the uncharged gambling acts to the charged gambling acts makes them prejudicial, similar acts are commonly admissible under Rules 403 and 404(b). In this case, the other gambling acts help the Government complete the story of how the defendants were given responsibility within the enterprise, demonstrate the relationships of trust between defendants and other participants, and/or corroborate the testimony of cooperating witnesses. While there is some prejudicial effect to this testimony, I do not find that such prejudice substantially outweighs the probative value of this evidence, which is introduced pursuant to a proper purpose. I therefore grant the government's motion <u>in limine</u> to introduce evidence of other acts of gambling.

   B. Loansharking/extortion

The Government seeks to admit evidence that Basciano has been involved in the extortion of vendors at the San Gennaro Feast and certain restaurants, and in a conspiracy to extort the New York City heating oil industry. The Government further seeks to introduce evidence of Basciano's acts of loansharking with an individual named "Jimmy." This evidence is properly admissible both to complete the story of Basciano's role in the Bonnano organized

12

crime family, particularly as it relates to the use of violence and threats of violence to create profit, and/or to corroborate the testimony of cooperating witnesses. Again, although there is some prejudicial effect to this evidence, this prejudice also does not substantially outweigh the probative value of the extortion evidence. I therefore grant the Government's motion in limine to introduce evidence of other acts of loansharking and extortion.

C. Arson, car theft, narcotics trafficking, fireworks purchase, and fraud

In its motion, the Government proposes the introduction of evidence of Basciano's participation in arson, car theft, narcotics trafficking, fireworks purchase, and the drafting of a fraudulent deed. Under the facts of this case, I find that all of this evidence imposes unfair prejudice that substantially outweighs its probative value. The purpose for which the Government seeks to introduce this evidence is to complete the story of the conspiracy and establish relationships of trust. I find that there is relatively low probative value in these acts. The Government does not charge Basciano with committing these, or similar acts, in its indictment as either substantive counts or racketeering acts. Therefore, it intends to prove the existence of a RICO conspiracy without specific allegations of arson, car theft, narcotics trafficking, fireworks purchase, or fraudulent deeds. Given the extensive evidence expected to be presented by the Government to support the actual charges in the indictment, there a low marginal probative value in showing acts that are so dissimilar to the charged acts.

Moreover, the unfair prejudice of these acts is high as they suggests a much wider conspiracy, without requiring the Government to prove such acts beyond a reasonable doubt. Alone this would not necessarily be enough to exclude this evidence under Rule 403, but in this case I find that these acts would have the effect of confusing the jury during a long and complex

13

trial. I thus deny the Government's motion to present evidence on arson, car theft, narcotics trafficking, fireworks purchase, and the drafting of a fraudulent deed.

### D. Murder/murder conspiracy/attempted murder/solicitation to murder

The Government provides notice of its intention to introduce against Basciano evidence related to murder in up to potentially thirty acts. These include, the murder of Anthony Colangelo; the murder of John Doe (Queens Social Club); the murder of Randolph Pizzolo; the conspiracy to murder Salvatore Caio; the conspiracy to murder/attempted murder of Nardino "Lenny" Colotti (1993-1994); the conspiracy to murder Genovese family associate (believed to be Joseph Bonnelli); the conspiracy to murder Salvatore Vitale; the murder of a numbers clerk; a murder "in which Alan Handler served as a lookout;" the conspiracy to murder Michael Mancuso; the conspiracy to murder Patrick DeFilippo; the solicitation to murder a federal law enforcement official; the solicitation to murder an Albanian; the solicitation to murder the girlfriend of Dominick Cicale; the solicitation/ conspiracy to murder Frank Coppa, Jr., Joseph Lino and the parents of Joseph D'Amico; the "murder of an individual (with Anthony Donato) whose body was 'hog tied' and left on Salvatore Zotolla's property; and "multiple murders (in excess of ten) with Bonanno family soldier Anthony Donato." (Gov't Mem. at 15-23 and n. 7, 9, 11; Gov't Reply at n.1.) Moreover, the Government seeks to admit evidence that DeFilippo conspired to murder Basciano. The Government also provides notice that it may introduce evidence that Basciano assaulted an unnamed Bonanno family member deemed insubordinate and "other assaults committed by or for Basciano."

If the jury is faced with evidence that Basciano had been involved in almost thirty acts relating to murder, and an unspecified number relating to assault, it may easily be overwhelmed

14

by that evidence and seek to convict Basciano, not for the acts alleged in this indictment, but instead for his propensity towards violence. As allegations of murder have a high potential for prejudice, I find the introduction of this evidence must be limited.

In order to circumscribe the amount of evidence related to murder presented, I look first to the allegations that, by their nature, present the highest levels of prejudice. Because there is such a long list of violent crimes, the marginal probative value of each crime is relatively low when compared with the sizeable unfair prejudice presented by some of the allegations. A number of the acts relating to murder that the Government seeks to introduce lack specificity, making it practically impossible for Basciano to defend himself against the allegations. With little information about the charges offered by the Government, there is less probative value and a higher chance that the jury may be unfairly prejudiced in violation of Rule 403.

I find that the following uncharged acts relating to murder that the Government seeks to introduce are inadmissible under Rule 403(b): the murder of John Doe (Queens Social Club); the murder of a numbers clerk; the solicitation to murder an Albanian; a murder "in which Alan Handler served as a lookout;" and "multiple murders (in excess of ten) with Bonanno family soldier Anthony Donato" including the murder of an individual whose body was "hog tied" and left on property of Salvatore Zotolla. These acts are all deemed to be too prejudicial given that they lack specificity either to the victim and/or the time period of the act alleged. The Government's motion is denied as to these acts.

Moreover, I require further specificity on the allegations dealing with Nardino Colotti before admitting evidence related to this crime. While the victim is named, the only time information given is the decade of "the 1990s." The Government is directed to provide further

information on this alleged murder if it wishes to admit evidence of this crime at trial. The Government's motion to admit evidence of the conspiracy/ attempt to murder Nardino Colotti is denied without prejudice.

The court finds that evidence that Basciano solicited to murder a federal prosecutor, or a federal law enforcement officer, would present unfair prejudice to Basciano that substantially outweighs the probative value of such evidence. Although the Government argues that such prejudice is not significant, in that the federal official will not be identified as AUSA Andres (a federal prosecutor on this case), I find the risk of unfair prejudice is too high. Not only would the jury be unfairly prejudiced if it is informed that Basciano solicited the murder of the prosecutor in this case, a man they will see each day of trial, but even without such identification, the prejudice caused by allegations that a defendant threatened a federal government official is too substantial for the evidence to be admitted.

The Government seeks to admit the evidence to show Basciano's relationship to Joseph Massino and his desire to gain Massino's approval to commit acts of murder, as well as to show consciousness of guilt. (Gov't Reply at 22; Gov't Mem. at 46.) The probative value under each of these purposes is relatively low and cumulative given the tremendous amount of other, less prejudicial, evidence the Government may admit. This decision is in accordance with an analogous ruling in this district where evidence of defendant's threats against United States government officials, including the prosecutor and judge, was inadmissible as proof that he engaged in violence and terrorism against Colombian government officials. United States v. Escobar, 842 F. Supp. 1519, 1524-25 (E.D.N.Y. 1994) (Johnson, J.). While distinguishable on its facts, Escobar supports the conclusion that something as highly prejudicial as evidence that

16

the defendant threatened of violence against government officials must be highly probative for a specific fact before it is admissible under Rule 404(b) and Rule 403.

The Government argues that the exclusion of this evidence would somehow "reward" Basciano. As Basciano is currently indicted for this very act in federal court, it is unclear to me how Basciano is being rewarded for the alleged solicitation to murder a federal prosecutor. By not consolidating the two current indictments against Basciano into one, the Government was able to leave AUSA Andres as the prosecutor in this case whiling assigning a different prosecutor to try the second case.[3] It obviously recognized the conflict that would occur if AUSA Andres were to prosecute a case in which he was also an alleged victim. To avoid that conflict entirely, I hereby deny the Government's motion to admit evidence that Basciano conspired to kill a federal prosecutor. This ruling renders Basciano's motion to recuse AUSA Andres moot.

Basciano asks the court to preclude the admission of certain acts allegedly committed in furtherance of the charged conspiracy, specifically the Pizzolo murder, the solicitation/conspiracy to murder DeFilippo and the solicitation to murder a federal prosecutor, on the grounds that the admission of such evidence implicates "serious double jeopardy issues" in connection with the charges filed in Basciano II. Basciano's argument is without merit. Basciano asserts that double jeopardy is implicated because the present indictment and the indictment in Basciano II cover the same alleged enterprise over overlapping time periods, and thus the two trials will present substantially the same witnesses and evidence.

The Double Jeopardy Clause protects against three distinct abuses: [1] a second

---

[3]The current indictment, 03 Cr 929 (S-5), is referred to as "Basciano I." The second case, 05 Cr 60 (S-6), is referred to as "Basciano II."

17

prosecution for the same offense after acquittal; [2] a second prosecution for the same offense after conviction; and [3] multiple punishments for the same offense. See United States v. Estrada 320 F.3d 173, 180 (2d Cir. 2003) (citing Schiro v. Farley, 510 U.S. 222, 229 (1994)). Basciano has no grounds to claim the protection of the double jeopardy clause as none of the three scenarios stated above are implicated by Basciano's present situation. That the first two grounds do not apply is evident: Basciano has neither been acquitted or convicted of the crimes charged. Moreover, though Basciano *may* plausibly argue that he will face multiple punishments in the prosecution of Basciano II, to date he has not yet been punished for any of the crimes charged. Thus, the double jeopardy clause is plainly inapplicable. Nor do any of the cases cited by Basciano in support of his position suggest otherwise. It is simply premature and legally unfounded for Basciano to raise a double jeopardy argument when the trial on his first indictment has yet to occur.

The other charges relating to murder appear to be individually admissible as their probative value in completing the story, establishing relationships of trust, and/or corroborating testimony of cooperating witnesses is not substantially outweighed by unfair prejudice. Both Basciano and DeFilippo face charges of murder and attempted murder in this case, as well as other violent crimes, such as loansharking. Accordingly these other acts do not reach the level of "unfair" prejudice, as would proscribe their exclusion under Rule 403. I grant the Government's motion to introduce evidence of the murder of Anthony Colangelo; the conspiracy to murder Salvatore Caio; the solicitation to murder the girlfriend of Dominick Cicale; the murder of Randolph Pizzolo; the conspiracy to murder Genovese family associate (believed to be Joseph Bonnelli); the conspiracy to murder Michael Mancuso; the conspiracy to murder Patrick

DeFilippo; the conspiracy to murder Vincent Basciano; and the assault of an unnamed Bonanno family member deemed insubordinate. The conspiracy to murder Salvatore Caio is also admissible to show consciousness of guilt.

Notwithstanding this ruling, the court hereby alerts the Government of its concern over the cumulative effect of admitting so much testimony on murder-related acts. The prejudice that may result from presenting all of this evidence may be unfair in the context of the trial and may substanitally outweigh the probative value of its admission in completing the story, establishing relationships of trust, and corroborating testimony of witnesses. As the Government has not announced which, if any, of these "other acts" it plans to introduce at trial, it is too early to consider whether some of the evidence may be cumulative or unfairly prejudicial in violation of Rule 403. I do, however, encourage the Government to be proportional in introducing uncharged acts of misconduct in all categories. Evidence that is cumulative, or that overwhelms the jury to a level of substantially unfair prejudice, will not be admitted.

**Conclusion**

The court GRANTS the Government's motion to introduce evidence of alleged gambling acts and loansharking/extortion acts by the defendants in order to complete the story of the charged crimes, demonstrate relationships of trust, and corroborate the testimony of cooperating witnesses. The court GRANTS the Government's motion to introduce evidence of the murder of Anthony Colangelo; the conspiracy to murder Salvatore Caio; the solicitation to murder the girlfriend of Dominick Cicale; the murder of Randolph Pizzolo; the conspiracy to murder Genovese family associate (believed to be Joseph Bonnelli); the conspiracy to murder Michael

Mancuso; the conspiracy to murder Patrick DeFilippo; the conspiracy to murder Vincent Basciano; and the assault of an unnamed Bonanno family member deemed insubordinate for the same purposes.

The court DENIES the Government's motion to admit testimony relating to arson, car theft, narcotics trafficking, fireworks purchase, and the drafting of a fraudulent deed. The court DENIES the Government's motion to admit testimony relating to the murder of John Doe (Queens Social Club); the murder of a numbers clerk; the solicitation to murder an Albanian; a murder "in which Alan Handler served as a lookout;" "multiple murders (in excess of ten) with Bonanno family soldier Anthony Donato" including the murder of an individual whose body was "hog tied" and left on property of Salvatore Zotolla; and the conspiracy to murder a federal prosecutor. The Government's motion to admit evidence of the conspiracy/ attempt to murder Nardino Colotti is DENIED without prejudice.

Basciano's motion to recuse AUSA Andres is DENIED as moot. The cross-motions on co-conspirator statements are premature.


SO ORDERED.

Dated: February 17, 2006  
Brooklyn, N.Y.

\_\_/s/_____  
Nicholas G. Garaufis  
United States District Judge