UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

     v.                                                          <u>MEMORANDUM & ORDER</u>
                                                                03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

                Defendants.
----------------------------------------------------------X

GARAUFIS, United States District Judge.

        The United States ("Government") moves to prohibit the defendant Vincent Basciano ("Basciano") from attending sidebar conferences at trial. The Government contends that there is no federal right to attend sidebar conferences and argues that Basciano has abused the privilege thus far without meaningful contribution. (Gov't Mem. to Deny Basciano Permission to Attend Sidebar Conf. ("Gov't Mem.").) Basciano, in his response, concedes that there is precedent within the Second Circuit denying the existence of a federal right to be present at a sidebar conference, but points to a bench statement by a Southern District of New York judge, and asserts that Basciano's attendance is useful to the defense with negligible security concerns. (Basciano Mem. Opp. Gov't's Mot. ("Basciano Resp.").) For the reasons discussed below, the court grants the Government's motion.

        At the beginning of <u>voir dire</u>, I announced that defendants were to remain seated during sidebars. (Gov't Mem. Ex. A at 14-15.) This was to protect defendants from any prejudice that could arise from the appearance of U.S. Marshals following the defendants to the front of the

courtroom.[1] When Basciano's attorney explained his interest in attending sidebars, for reasons that were factually specific to Basciano, and reiterated Basciano's willingness to accept the risk of prejudice, I agreed to allow Basciano to attend sidebars. (Id. at 15.)

Permitting Basciano to attend sidebars during voir dire is quite different from permitting defendants to attend sidebars throughout a jury trial. Basciano's attendance at voir dire sidebars was minimally disruptive, as there was no witness in the witness box to raise additional security concerns, only one potential juror was in the courtroom for questioning at a time,[2] and it allowed for efficiency in the selection of the anonymous jury. The voir dire for this trial was a lengthy process, where almost two hundred potential jurors were individually interviewed by the court, sometimes for extensive periods of time and occasionally at more than one session. Permitting a minimally disruptive procedure that saved time was not inappropriate and was within my discretion.

For the upcoming trial, courtroom procedures will ensure that defendants are afforded all of their constitutional rights under the Fifth and Sixth Amendments to the Constitution, without requiring their attendance at sidebar conferences. The courts in the Second Circuit have consistently held in habeas corpus rulings that a defendant does not have a federal right to attend sidebars in state court under the Sixth and Fourteenth Amendments. See, e.g., Gaiter v. Lord,

---

[1] At every point where the potential jurors were in the same room with the defendants, I took the precaution of ensuring that the defendants were seated before the jurors entered the room so that the jurors would not be biased by the sight of U.S. Marshals escorting the defendants.

[2] In the selection of an anonymous jury, I followed the procedure of questioning one potential juror at a time respecting follow-up questions based on answers to questions contained in the lengthy (50 page) questionnaire. The parties requested the follow-up questions before the juror was invited into the courtroom. Both defendants were present for the proceedings and no potential jurors were questioned at sidebar.

917 F. Supp. 145, 152 (E.D.N.Y. 1996) (Trager, J.) ("the Federal Constitution does not require a defendant's presence at sidebar conferences."); Brown v. Greiner, 2003 WL 22964395, at *12 (E.D.N.Y.) (Weinstein, J.); Ellis v. Phillips, 2005 WL 1637826, *13 (S.D.N.Y.). The only citation made to the contrary was Basciano's quotation of a Judge's statement made from the bench during a trial in the Southern District of New York. (Basciano Resp. at 3-4.) That statement to the jury announcing that the defendant has "a right" to attend a conference, appears not to be a decision on the substance of a federal legal right so much as a reassurance to the jury in that trial that the defendant was acting in accordance with the procedures of that particular courtroom. The right of defendants in New York state court proceedings to attend sidebars where "merits of the case are addressed" under the state statutory law, as interpreted by People v. Antommarchi, 80 N.Y.2d 247, 250 (1992), does not support the assertion that the right to attend sidebars is necessary to preserve the fairness of the trial or the integrity of the process.

I will continue to use my regular procedure to ensure that the defendants will have their concerns and interests fully represented in all parts of the trial. Attorneys will attend sidebar conferences and will be permitted to request time to consult with their clients at the defense table, as needed, during the sidebars. Procedural and other legal matters may be raised in front of the court before and after the trial day schedule of 10:00 a.m. - 5:30 p.m., as well as during trial recesses. In order to keep sidebar conferences to a minimum, the parties are encouraged to anticipate matters that may need to be brought to the court's attention, and present them at those times. Moreover, when significant unanticipated issues requiring extensive argument arise, attorneys with a good faith basis to do so may request, at sidebar, the dismissal of the jury so that arguments may be made in open court and in front of the defendants.

Finally, I would like to note that this decision is influenced by my interest in avoiding

prejudice in a two-defendant trial, where one defendant is extremely interested in attending all proceedings while the second defendant has not shown any similar interest. This ruling will ensure that the jury does not prejudice a less active defendant for not attending sidebar conferences or infer from that any undue or artificial inferences.

In order to preserve the dignity of the judicial process, I take this opportunity on the eve of trial to review the general rules for in-court proceedings in my courtroom.[3] First and foremost, attorneys must act as professionals, to wit, only one attorney may speak at a time, attorneys must speak into a live microphone whenever addressing the court, a witness, or the jury, and must ask the court's permission to approach a witness. Speaking objections are not permitted during the trial and attorneys shall refrain from ad hominem attacks, insults, or other unprofessional behavior. Specifically, suggestions of inappropriate, but legally permissible, motivations on the part of the other attorneys are to be avoided. There is absolutely no food, drink (except water consumed in a cup), or chewing gum permitted in the courtroom. In addition, I remind the defendants that they are prohibited from speaking to anyone in the courtroom other than their attorneys.

Conclusion

For all the reasons set forth above, the Government's motion is GRANTED. Defendants will remain seated during sidebar conferences.

SO ORDERED.

Dated: February 22, 2006
Brooklyn, N.Y.

_____/s/_____
Nicholas G. Garaufis
United States District Judge

---

[3] These rules apply in all trials in my courtroom. This review is not intended to reflect on any behavior by any specific persons up until this time. The court is reviewing these rules in order to prevent any problems or disruptions during trial.