UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                  MEMORANDUM & ORDER

      v.                                          03-CR-929 (NGG)

VINCENT BASCIANO, and
PATRICK DEFILIPPO,

                 Defendants.
----------------------------------------------------------X
GARAUFIS, United States District Judge.

      This Memorandum and Order (M&O) addresses and resolves a number of requests and motions raised by the United States ("Government") or the defendants Vincent Basciano ("Basciano") and Patrick DeFilippo ("DeFilippo") in the ongoing trial in this case. Familiarity with the facts of this case and all prior rulings is assumed.

I. <u>The Blue Thunder Heroin Trial</u>

      On April 6, 2006, the parties made a number of applications in reference to Basciano's criminal trial for narcotics trafficking in the early 1990s. (<u>See</u> Trial Transcript ("Trial Tr.") at 7564-81.) The Government seeks to admit evidence of Basciano's heroin trafficking and jury tampering. Basciano seeks to admit evidence of his home detention awaiting trial and of his acquittal in the case. (<u>Id.</u> at 7572.)

      In my ruling of February 17, 2006, I ruled that the Government may not submit evidence to the jury related to Basciano's trafficking of heroin as enterprise evidence or as Rule 404(b) evidence. (M&O of Feb. 17, 2006 at 13-14.) That Basciano was tried for trafficking heroin in the Southern District of New York (the so-called "Blue Thunder" case) has now been mentioned several times at trial. (<u>See</u> Trial Tr. at 7564-76.) Basciano seeks to admit evidence that (1) he

1

was detained on house arrest from 1991-1994 as part of that case and (2) he was acquitted in the Blue Thunder trial. The Government, in turn, argues that this evidence should not be admitted, or alternately, should it be admitted, the Government should be allowed to introduce evidence under Rule 404(b) to prove Basciano's involvement in heroin trafficking.

Several key Government witnesses have expressed an inability to identify with specificity the dates when certain alleged events occurred. The defense seeks to introduce evidence that Basciano was held under house arrest during a period from 1991 to 1994, to demonstrate to the jury certain limitations on Basciano's freedom of movement during that time period. I find no reason to exclude evidence admitted for such a purpose. The defense may submit such evidence (preferably by stipulation, as the period of house arrest is verifiable by written documentation).

Both sides submitted briefs on the question of the admissibility of evidence of acquittals. (Gov't Ltr of Mar. 8, 2006; Basciano Ltr of Mar. 8, 2006.) After careful review, I find that evidence that Basciano was acquitted of a heroin charge is neither probative nor relevant in this case. In a murder and racketeering trial that has spanned two months and has a transcript expected to reach close to 10,000 pages, a few passing mentions of Basciano's involvement with heroin have not prejudiced the defendant to a degree that requires such a rebuttal. Introduction of such evidence can only serve to confuse and distract the jury. I therefore exclude the evidence of Basciano's acquittal.

For the same reason, I also deny the Government's motion to strike the mention of an acquittal by Basciano's attorney. This case is not about heroin trafficking and any further mention of heroin trafficking by either party is excluded as having so little probative value as to

2

be substantially outweighed by unfair prejudice or confusion to the jury in this final stage of the trial. In accordance with this finding, Basciano's home detention shall be referenced as the result of "an unrelated case," with no further mention of the case's substance or outcome.

II.     Attorney-Client Privilege

On April 4, 2006, Basciano's attorney asked the court to have a portion of Thomas Lee's testimony stricken as it revealed a conversation protected by attorney-client privilege. (Trial Tr. at 6865-66.) While I originally ruled that a certain conversation between Thomas Lee and Basciano was not admissible because it was covered by the attorney-client privilege, I granted the Government's motion for reconsideration, finding the privilege was lifted by the presence of a third party. (Sealed M&O of Feb. 24, 2006; Sealed M&O of Mar. 23, 2006.) In the Government's motion for reconsideration, it argued that privilege was destroyed by the presence of Dominick Cicale during the conversation at issue. (Gov't Ltr of Mar. 20, 2006.) At trial, Thomas Lee testified that Dominick Cicale waited downstairs during the conversation, but that Joseph Massino's lawyer, David Breitbart, was present for the conversation. (Trial Tr. at 6835-37.) Following this conversation, Basciano's attorney asked the court to strike this portion of the testimony and issue a jury instruction to disregard it. (Id. at 6865-66.)

My prior finding that attorney-client privilege was waived by the presence of Dominick Cicale is no longer applicable. It is possible that David Breitbart's presence waived the attorney-client privilege, or it is possible that Breitbart was participating in a joint defense conversation, which would be covered by privilege. As the court does not have further information to make a finding, and in an excess of caution, I fall back on my prior ruling that the conversation was privileged and therefore inadmissible. I grant Basciano's request to strike the protected

3

conversation from the record. The following lines of the transcript are stricken: page 6835 line 22 until page 6836 line 19 and page 6836 line 25 until page 6837 line 6.[1] The transcript will now read:

> Q: In that law office, did you, Mr.Basciano and Mr. Breitbart have a conversation?
> A: Yes, we did.
> Q: At the time of that meeting, what was the status of Mr. Massino's case?
> A: I believe it was – he was still on trial.
> Q: Where was Mr. Basciano?
> A. He was still at liberty.
> Q: Did you ultimately leave Mr. Breitbart's office?
> A: Yes.

Should Basciano submit a proposed jury instruction on this issue, it will be considered by the court in due course.

III. <u>Brady disclosures</u>

The Government has asked the court to respond to two types of submissions regarding <u>Brady</u> disclosures. The first is a motion for reconsideration of the court's ruling on <u>Brady</u>. The second is a series of <u>ex parte</u> submissions under seal of potential <u>Brady</u> material.

In my ruling of March 30, 2006, I did not find that a <u>Brady</u> violation had occurred. The Government, nonetheless, brings to the court's attention new information that could be relevant to other findings made in that ruling. As there was no finding of a <u>Brady</u> violation, the defense has no stake in litigating this particular issue and did not provide a brief in response to the Government's submission. Without briefs from all parties, it is difficult to make any new findings or reach any conclusions about the information submitted by the Government. Furthermore, the new findings requested by the Government would have no particular relevance

---

[1] These line and page numbers refer to the hard copy of the transcript held by the court. If the parties' electronic version is paginated differently, the court's pagination controls.

for this trial, as I have already found that there was no prejudice to the defendants, and therefore no Brady violation. Without reconsidering my findings, I withdraw my prior ruling.

The Government has submitted a number of letters and packets of information, ex parte and under seal, asserting that it does not believe the information contained therein to be discoverable under Brady or Giglio and that it will not turn over that information to the defense unless ordered to do so by the court. I remind the Government that it is the Government's obligation to search its files for Brady information, not the court's obligation. The court does not have information about what else has been provided, or even full information about what would be exculpatory under the Government's theory of the case. While the court is willing to consider particular materials that the Government has particular concerns about, it is not proper for the court to be engaged in wholesale review of government files, especially on an ex parte basis. Therefore the court declines the Government's invitation to do so.

## **CONCLUSION**

Basciano may introduce evidence of his home detention during 1991-94. Evidence of Basciano's acquittal in the Blue Thunder trial, or of his involvement in narcotics trafficking, is excluded. A portion of Thomas Lee's testimony is stricken from the record in an excess of caution on the basis that it may have revealed information protected by the attorney-client privilege. Without making any new findings, the court withdraws its M&O of March 30, 2006. The court declines to review government files submitted for ex parte review.

SO ORDERED.

\_\_\_/s/_____
Dated: April 8, 2006                             Nicholas G. Garaufis
Brooklyn, N.Y.                                United States District Judge