UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                          MEMORANDUM & ORDER

      v.                            03-CR-929 (NGG)
                              05-CR-060 (NGG)

VINCENT BASCIANO, et al.,

            Defendants.
-----------------------------------------------------------X

GARAUFIS, United States District Judge.

      Defendants Vincent Basciano ("Basciano") and Anthony Indelicato ("Indelicato") have moved this court pursuant to 28 U.S.C. section 455(a)(1) to disqualify itself in the above-captioned cases. Specifically, they claim that an alleged death threat made by Basciano against this court has created the appearance of partiality requiring this court's recusal. Defendant Michael Mancuso ("Mancuso") has joined in those motions.

## I. BACKGROUND

      On August 14, 2003, a grand jury in the Eastern District of New York indicted Basciano on racketeering-related charges stemming from his alleged involvement in the Bonanno crime family. He proceeded to trial, and, in May of 2006, a jury convicted him of racketeering conspiracy and failed to reach a verdict on the remaining racketeering acts. On February 15, 2006, Basciano, Mancuso, Indelicato, Anthony Aiello ("Aiello"), Anthony Donato ("Donato") and Vincenzo Masi ("Masi") were charged in a separate indictment with additional racketeering-related crimes. Both cases are currently before this court.

      Just before or soon after his trial ended, in or about April or May of 2006, Basciano wrote

a list containing the names of the court, the lead prosecutor, and three cooperating witnesses involved in his trial ("May 2006 list"), and provided the May 2006 list to a fellow inmate. The Government's Memorandum of Law in Opposition to the Motions to Recuse ("Gov't Mem.") at 6. The government alleges that: (1) Basciano indicated to the inmate that he sought to have the listed individuals killed, (2) the inmate took no action based on Basciano's statement, and (3) Basciano did not pursue the issue any further. Gov't Mem. at 6-7. Then, according to the government, Basciano called his wife from prison on June 8, 2006 and said that he was "going to try to get a different judge," and that in order to do so, he would "have to pull all the rabbits out of [his] hat." Gov't Mem. at 4.

The alleged threat was disclosed to this court in July of 2006 and to defense counsel on August 28, 2006. At a conference on August 28, 2006, defense counsel attempted to explain the genesis of the May 2006 list, stating that Basciano's fellow inmate's mother was a "Santeria priestess," and that his fellow inmate had described a ritual to Basciano which would "help" the outcome of his trial. Specifically, Basciano claimed that he was told to write the May 2006 list, place it in his right shoe and "stamp five times every day during the trial." August 28, 2006 Tr. at 12. On October 11, 2006, Basciano filed the instant motion, and Indelicato's motion was filed six days later.

## II. DISCUSSION

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a)(1). The test to determine whether a judge's impartiality might reasonably be questioned is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done

absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would reasonably question the judge's impartiality." United States v. Yousef, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotations omitted).

In some cases, a defendant's alleged death threats made to a judge may "sufficiently raise the specter of bias to warrant the judge's recusal." See United States v. Yu-Leung, 51 F.3d 1116, 1119-20 (2d Cir. 1995). However, a judge has "an affirmative duty . . . not to disqualify himself unnecessarily," National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978), and recusal is not required simply because the trial judge became aware of a defendant's alleged death threats, see, e.g., Yu-Leung, 572 F.2d at 1120. Indeed, "[p]arties cannot be allowed to create the basis for recusal by their own deliberate actions," since that would "encourage 'judge-shopping.'" United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990); accord Sullivan v. Conway, 157 F.3d 1092, 1096 (7th Cir. 1998). Therefore, if the court concludes that recusal is one of the objectives underlying the threat, irrespective of whether or not the threat is taken seriously, "then section 455 will not mandate recusal because that statute is not intended to be used as a forum shopping statute." United States v. Greenspan, 26 F.2d 1001, 1006 (10th Cir. 1994). Of particular concern are "sophisticated parties" who are capable of "engineer[ing] a judge's recusal for their own strategic reasons." See United States v. Bayless, 201 F.3d 116, 129 (2d Cir. 2000). In making a determination of recusal, the court must examine the "unique circumstances" of the case. See Yousef, 327 F.3d at 106; Greenspan, 26 F.2d at 1006.

The "unique circumstances" of this case clearly indicate that recusal is not warranted. Throughout the pendency of his criminal cases, Basciano has demonstrated that he is a "sophisticated party." He regularly replaced his counsel, firing John Kuttas on March 25, 2005 (see Notice of

3

Withdrawal, docket entry #20), Alan S. Futerfas on December 30, 2005 (see Notice of Withdrawal, docket entry #127), and Peter E. Quijano on May 17, 2006 (see May 24, 2006 docket entry); and, on July 20, 2006, lead defense counsel Barry Levin moved to withdraw as counsel (see Motion to Withdraw as Counsel, docket entry #197). Because Basciano's recusal motion closely followed both his conviction before this court for racketeering and his alleged statement to his wife that he sought a "different judge" to preside over his retrial, it appears that one of Basciano's objectives in writing the May 2006 list and filing this motion is to "engineer" this court's recusal, much as he facilitated changes in his representation.[1] Such a thinly disguised effort to manipulate the judicial process cannot be sanctioned by this court.

Furthermore, there has never been any assertion by any defendant that this court has displayed actual bias at any time. In fact, the only action this court has taken since the disclosure of the alleged threat was to grant Basciano's request to allow Debra Kalb, Basciano's girlfriend and his son's mother, to accompany their son to visit him in prison. Thus, a "reasonable person," knowing and understanding all of these circumstances, to wit, Basciano's apparent attempt to "forum-shop" and the lack of any actual demonstrable bias on the part of this court, would not reasonably question this court's impartiality.

Defendants Indelicato and Mancuso, who were not implicated by the government's investigation into the alleged threat in any way, fail to show any basis upon which a fully informed, disinterested observer would have "significant doubt" that justice would be done for them absent recusal.

---

[1] The court also notes that, in addition to seeking the court's recusal, Basciano also seeks removal of the lead Assistant United States Attorney prosecuting the case, whose name also appears on the May 2006 list.

Accordingly, defendants' motions are DENIED.

SO ORDERED.

Dated: November 30, 2006  
Brooklyn, N.Y.

   /s/ Nicholas G. Garaufis  
Nicholas G. Garaufis  
United States District Judge