UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                    MEMORANDUM & ORDER

      v.                                      03-CR-929 (NGG)
                                            05-CR-060 (NGG)

VINCENT BASCIANO, et al.,

          Defendants.
------------------------------------------------------X

GARAUFIS, United States District Judge.

Defendant Vincent Basciano ("Basciano") has moved this court to disqualify Assistant United States Attorney Greg Andres ("Andres") from participating in the above-captioned cases. Specifically, he claims that an alleged death threat made by Basciano against Andres has created "an appearance of partiality" requiring his disqualification. (Defendant's Motion to Disqualify A.U.S.A. Greg Andres ["Def. Mot."] at 6). For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

On August 14, 2003, a grand jury in the Eastern District of New York indicted Basciano on racketeering-related charges stemming from his alleged involvement in the Bonanno crime family. The government asserts that after his arrest in November of 2004, Basciano solicited the murder of the lead prosecutor, Andres ("Andres murder solicitation"). (Government's Motion to Admit Certain Evidence In Limine filed January 13, 2006 ["Gov't Mot. In Limine"], at 21). Basciano proceeded to trial in January of 2006. Nine days after jury selection commenced, Basciano moved to disqualify Andres on the following grounds: (1) the Andres murder solicitation gave rise to an improper "personal interest" by Andres in convicting Basciano; (2) Basciano intended to call Andres

1

as a defense witness at trial in order to "rebut" any evidence before the jury relating to the Andres murder solicitation; and (3) in the course of eliciting trial testimony from government witnesses concerning the Andres murder solicitation, Andres necessarily would act as an "unsworn witness." On February 17, 2006, this court precluded the government from presenting any evidence related to the Andres murder solicitation and found that Basciano's motion was thereby rendered moot. United States v. Basciano, No. 03-CR-929, 2006 WL 385325, at *9 (E.D.N.Y. February 17, 2006). In May of 2006, a jury convicted Basciano of racketeering conspiracy and failed to reach a verdict on the remaining racketeering acts.

On February 15, 2006, the government charged Basciano, Michael Mancuso, Anthony Indelicato, Anthony Aiello, Anthony Donato and Vincenzo Masi with additional racketeering-related crimes in a separate indictment. Andres is and was uninvolved in the prosecution of charges presented in the second indictment. (Government's Memorandum of Law in Opposition to the Defendant's Motion to Disqualify A.U.S.A. Greg Andres ["Gov't Mem."] at 2). Both cases are currently before this court.

According to the government, from January 2005 until June 2006, Basciano remarked in several recorded conversations that he felt Andres was performing better than Basciano's defense counsel. (Id. at 6-7). Just before or soon after the conclusion of the trial prosecuted by Andres, i.e., in or about April or May of 2006, Basciano wrote a list containing the names of Andres, the court, and three cooperating witnesses involved in his trial ("May 2006 list"), and provided the May 2006 list to a fellow inmate. (Id. at 2). The government alleges that Basciano indicated to the inmate that he sought to have the listed individuals killed. (Id.).

The alleged threat was disclosed to this court in July 2006 and to defense counsel on August

2

28, 2006. At a conference on August 28, 2006, defense counsel attempted to explain the genesis of the May 2006 list, stating that Basciano's fellow inmate's mother was a "Santeria priestess," and that his fellow inmate had described a ritual to Basciano which would "help" the outcome of his trial. Specifically, Basciano claimed that he was told to write the May 2006 list, place it in his right shoe and "stamp five times every day during the trial." (August 28, 2006 Tr. at 12). Basciano filed the instant motion on October 31, 2006.

## II.   DISCUSSION

Standard 3-13 of the ABA Standards for Criminal Justice (3d ed. 1993) provides that "[a] prosecutor should not permit his or her professional judgment or obligations to be affected by his or her own . . . personal interests." Where a defendant has raised "a credible allegation of a prosecutor's conflict of interest or other relationship that would create the appearance of an improper motivation in the prosecution," United States v. Vega, 317 F. Supp. 2d 599, 602 (D.V.I. 2004), the court must "balance proper considerations of judicial administration against the United States' right to prosecute the matter through counsel of its choice, i.e., the duly appointed United States Attorney," United States v. Whittaker, 268 F.3d 185, 194-95 (3d Cir. 2001). In addition, in cases where an attorney may also be a witness to the charged crimes, "disqualification is sometimes appropriate to prevent an attorney from 'subtly imparting to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross-examination.'" United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997), quoting United States v. Locascio, 6 F.3d 924, 933 (2d Cir. 1993).

As an initial point, Basciano does not allege that Andres would be an unsworn witness at trial, nor could he, because Andres is prosecuting Basciano for alleged crimes that preceded and are

3

unrelated to any possible attempt to solicit Andres's murder. Additionally, this court precluded the government from presenting any evidence related to the Andres murder solicitation at trial. Basciano, 2006 WL 385325 at *9.

Rather, Basciano's motion is based on the theory that Andres's inclusion on the May 2006 list gives rise to an "appearance of partiality" on the part of Andres. Def. Mem. at 6. However, the ABA Standards for Criminal Justice explicitly reject such appearance-based conflict-of-interest standards in favor of a determination of actual bias or partiality. Compare ABA Standards for Criminal Justice Standard 3-13 (3d ed. 1993) and ABA Standards for Criminal Justice Standard 3-1.2 (2d ed. 1980) ("[a] prosecutor should avoid the appearance or reality of a conflict of interest with respect to official duties"). And, there is nothing in the record to suggest that Andres bears any actual bias toward Basciano. The alleged threats were not made until well after Andres presented the charges at issue to the grand jury. Therefore, there is no indication that the prosecution initiated by Andres was predicated upon any semblance of "improper motivation." See Vega, 317 F. Supp. 2d at 602.

Furthermore, Basciano's motion to disqualify Andres appears to be yet another attempt by him to manipulate the judicial process which this court will not sanction. Throughout the pendency of his criminal cases, Basciano has regularly replaced his counsel, firing John Kuttas on March 25, 2005 (see Notice of Withdrawal, docket entry #20), Alan S. Futerfas on December 30, 2005 (see Notice of Withdrawal, docket entry #127), and Peter E. Quijano on May 17, 2006 (see May 24, 2006 docket entry); and, on July 20, 2006, lead defense counsel Barry Levin moved to withdraw as counsel (see Motion to Withdraw as Counsel, docket entry #197). Because Basciano's recusal motion closely followed both his conviction for racketeering, which was prosecuted by Andres, and

4

his alleged statements that he was dissatisfied with Andres as a prosecutor, it appears that one of Basciano's objectives in writing the May 2006 list and filing this motion is to effectuate a change of prosecutor, much as he facilitated changes in his representation.[1]

With regard to the second indictment, Andres is uninvolved in that prosecution, and Basciano's claim is therefore moot.

Accordingly, defendant's motion is DENIED.

SO ORDERED.

Dated: December 1, 2006  
Brooklyn, N.Y.

/s/ Nicholas G. Garaufis  
Nicholas G. Garaufis  
United States District Judge

---

[1] The court notes that in addition to seeking Andres's disqualification, Basciano sought recusal of this court, whose name also appears on the May 2006 list. That motion was denied. (Order dated November 30, 2006).