UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                         MEMORANDUM & ORDER

      v.                                     03-CR-929 (NGG)

VINCENT BASCIANO,

          Defendant.
------------------------------------------------------X

GARAUFIS, United States District Judge.

The Government and Defendant Vincent Basciano ("Basciano") have each submitted pre-trial motions in limine. The Court will consider each motion in turn.

### I. GOVERNMENT'S MOTION TO ADMIT UNCHARGED CRIMES

At the initial trial in this case, the court permitted the following uncharged crimes to be admitted: extortion of vendors at the Feast of San Gennaro Festival, various restaurants, and the New York City heating oil industry; the murder of Anthony Colangelo; the murder of Randolph Pizzolo; the conspiracy to murder Joseph Bonelli; the conspiracy to murder Michael Mancuso; the conspiracy to murder Patrick DeFilippo; the solicitation to murder the girlfriend of Dominick Cicale; the assault of an insubordinate Bonanno family member; and the murder of a John Doe at a Queens social club.

The Government now moves *in limine* pursuant to Fed. R. Evid. 404(b) for the admission of the following additional uncharged crimes: illegal policy gambling; loansharking; narcotics distribution—MDMA and heroin; the attempted murder of David Nunez; and an assault on Frank Porco. Basciano does not object to the admission of the following uncharged acts: illegal policy

gambling; loansharking; MDMA distribution; and the attempted murder of David Nunez. As a result, these four uncharged crimes will be admitted at trial. Basciano objects to the admission of evidence of heroin distribution and the assault on Frank Porco. Basciano also asks the court to clarify and/or reconsider its decision to admit evidence of the murder of John Doe at a Queens social club.

In its February 17, 2006 Memorandum & Order, this court explained the Rule 404(b) standard. See United States v. Basciano, 2006 WL 385325 (E.D.N.Y. Feb. 17, 2006) ("Basciano I"). Neither party has suggested that this court reconsider the Rule 404(b) standard, or that subsequent case law has in any way clarified the Rule 404(b) standard. As a result, this court readopts and will apply the standard as described in its February 17, 2006 opinion.

### A. Murder of John Doe in a Queens Social Club

In the last trial, this court originally held that evidence of a murder of a John Doe at a Queens social club was inadmissible because it was part of a long list of violent acts that could have led jurors to draw an inference that Basciano had a violent propensity and, as a result, was prejudicial. See Basciano I, 2006 WL 385325, at *7-8. The court also explained that the Government provided little information about several of the uncharged crimes in the lengthy list of uncharged crimes in which this murder fell. Id. at *8. Ultimately, however, the court admitted the John Doe murder in order to rebut Basciano's argument that he would not have engaged in an unsanctioned murder. See United States v. Basciano, 2006 WL 544465, at *2-3 (E.D.N.Y. Mar. 6, 2006) ("Basciano II").

Basciano asks the court to adhere to its original ruling that the murder is inadmissible unless Basciano "opens the door" to the murder by asserting that he would not engage in

2

unsanctioned murders. (Basciano's First Trial Memorandum ("Def. Tr. Mem.") at n.1.) The Government opposes this request on the ground of practicality. The witness who will provide testimony about the John Doe murder is apparently scheduled to testify early in the case and the Government asserts that (1) it will be impracticable, for security reasons, to recall the witness and (2) recalling the witness "would also raise questions in the jurors' minds as to why the witness did not previously testify to the murder, thereby affecting his credibility." (Government's Reply Brief in Support of Its Motion In Limine and In Opposition to the Defendant's Motion ("Gov't Rep." at1-2.) The Government wants the court to require Basciano to stipulate in advance of trial that he will not assert the unsanctioned murder defense. (Id. at 2.)

After considering both parties' arguments, the court finds no reason to reconsider its earlier decision. The John Doe murder is inadmissible unless Basciano opens the door to the murder by raising the unsanctioned murder argument. The court is not persuaded by the Government's argument that Basciano should have to decide, at this time, whether he will make such an argument.

### B. Assault of Frank Porco

The Government proffers that Cicale will "testify that, in 2003 or 2004, Basciano directed Dominick Cicale and other Bonanno members and associates to assault Frank Porco in response to a dispute that had arisen between Porco and Sylvester 'Sally Daz' Zottola, a Luchese family associate who maintained Basciano's joker-poker machines." (Gov't Mem. at 10.) The Government argues that it is admissible for the following purposes: (1) to show the origins of the relationship between Basciano and Zottola (who allegedly participated in the joker-poker gambling offense together); (2) to corroborate Cicale's testimony regarding one or more charged

3

offenses; and (3) to show Basciano's supervisory position in the charged enterprise. (Gov't Mem. at 10; Gov't Rep. at 3.)

Basciano argues that evidence of the Porco assault "would appear to have minimal probative value" and is prejudicial because "its inclusion on the lengthy list of uncharged crimes of violence [ ] helps steer the jury down the road of Basciano's violence propensity." (Def. Mem. at 2.)

The court finds that the alleged Porco assault is admissible. The Government has identified numerous ways in which the assault is probative of Basciano's participation in the charged joker-poker gambling offense and of Basciano's position of authority within the enterprise. Further, in light of the seriousness of the charged conduct (including murder and murder soliciation) and the fact that uncharged murders are admissible, the Porco assault is likely to cause very little prejudice. See United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (Rule 404(b) evidence was not be precluded by Rule 403 where the evidence "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"); see also United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (admission of uncharged crime did not violate Rule 403 where evidence "did not involve conduct more inflammatory than the charged crime, and the district court gave a careful limiting instruction."). In short, the alleged Porco assault is admissible.

**C.    Heroin Distribution**

The Government seeks to admit evidence of uncharged heroin distribution. The Government argues that evidence of heroin trafficking during the late 1980s and early 1990s is admissible because: (1) it establishes the background of the marijuana distribution conspiracy

4

(the Government proffers that Basciano attempted to recruit into his marijuana distribution conspiracy one of the individuals who had "participated in heroin distribution with Basciano"); (2) to show the development of the criminal relationship between Basciano and other Bonanno family members and associates involved in the conspiracy; and (3) to corroborate the testimony of witnesses who participated in or were asked to participate in the marijuana conspiracy (including Cicale and Bottone[1]). (Gov't Mem. at 7-8.)

The Defendant argues that the heroin trafficking allegations should not be admitted because (1) jurors will perceive heroin distribution as far more serious conduct than marijuana distribution and, as a result, Basciano will be prejudiced, (2) the Blue Thunder heroin trafficking scheme is not a part of the alleged enterprise (or more precisely, has never been alleged to be part of the alleged enterprise), and (3) its admission will give rise to an inference that Basciano has a propensity to traffic in narcotics. (Def. Mem. at 3.) The Government again asserts that there is no prejudice because heroin trafficking is nowhere near as violent, incriminating, or prejudicial as murder or murder solicitation. (Gov't Rep. at 4.)

I find that evidence of the heroin trafficking is substantially more prejudicial than probative and, therefore, is inadmissible under Fed. R. Evid. 403. Other than the allegation that certain individuals were involved in both the marijuana and heroin conspiracies, there appears to be no connection between the heroin conspiracy and the alleged enterprise. Further, numerous uncharged crimes are already being admitted and, at some point, the collective effect of all of

---

[1] "Bottone is expected to testify that Basciano approached him to sell marijuana for Basciano in the context of Bottone's father having previously been a partner with Basciano in the heroin business. Bottone will also testify that Basciano financially supported Bottone's father for a time while his father was incarcerated on heroin distribution charges." (Gov't Rep. at 4.)

these uncharged acts is to suggest criminal propensity. See Basciano I, 2006 WL 385325, at *7 (excluding the following uncharged crimes: arson, car theft, narcotics trafficking, fireworks purchase, and fraud).

### D. Attempted Murder of DeLuca

In his brief, Basciano states that he objects to the admission of the attempted murder of DeLuca. The papers submitted with respect to these motions clarifies neither the facts surrounding this attempted murder nor the potential probative value and/or prejudicial effect of admitting such evidence. As a result, the court reserves on this issue.

## II. GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE OF "COOPERATOR" STATUS OF MASSINO

The Government argues Massino's status as a cooperator is inadmissible hearsay. At the last trial, the court concluded that the fact that Massino is cooperating with the Government is inadmissible hearsay. See United States v. Basciano, 2006 U. S. Dist LEXIS 21115, at *3-4 (E.D.N.Y. Apr. 19, 2006) ("Basciano IV"). At this time, Basciano does not challenge this ruling; instead, Basciano argues only that the fact of Massino's cooperation is admissible for impeachment purposes pursuant to Fed. R. Evid. 806.

Under Rule 806, "[w]hen a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked . . . by any evidence which would be admissible for those purposes if declarant had testified as a witness." Basciano argues that any Massino statements are being admitted as a co-conspirator's statement under Fed. R. Evid. 801(d)(2)(E). The Government does not challenge this assertion.

Pursuant to Rule 806, Basciano seeks to use the fact of Massino's cooperation as a means of impeaching statements made by Massino. The Government states that the "central" Massino statement that will be elicited will be Sal Vitale's testimony that Massino informed Vitale in 2001 that Basciano had shotgunned to death a man walking his dog—who the Government asserts is Frank Santoro, whose murder is charged in this case. (Gov't Rep. at 7.)

At this time, the Government has not disclosed what Massino statements it will seek to admit. If the Government introduces statements made by Massino on or after the date that Massino first expressed an interest in cooperating with the Government,[2] Rule 806 permits Basciano to admit evidence of the fact of Massino's cooperation for impeachment purposes. Similarly, if the Government does not admit any statement made by Massino on or after the date on which he first expressed an interest in cooperating with the Government, then the fact of Massino's cooperation would have no impeachment value whatsoever and, as a result, Rule 806 would not provide a basis for admitting the fact of Massino's cooperation.

### III. DEFENDANT'S MOTION TO ADMIT JOSEPH FILIPPONE GRAND JURY TESTIMONY

The Defendant wants to admit Filippone's grand jury testimony pursuant to Rule 804(b)(1). The Government strongly opposes the admission of this testimony.

Under Rule 804(b)(1), if the declarant is unavailable, former testimony of a "witness at another hearing of the same or a different proceeding . . . [is admissible] if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the

---

[2] Massino first expressed an interest in cooperating on July 30, 2004, the date on which the jury returned a guilty verdict.

testimony by direct, cross, or redirect examination." Filippone has exercised his Fifth Amendment right to remain silent and is, therefore, unavailable. The question then becomes whether the Government had a "similar motive" to develop Filippone's testimony in front of the grand jury as it would in this case. Basciano correctly cites United States v. DiNapoli, 8 F.3d 909, 914 (2d Cir. 1993), for the proposition that the court must make a fact-specific determination as to whether the prosecutors had a "similar motive" to elicit evidence in a grand jury setting as it does at trial:

> We do not accept the position, urged by the Government upon the Supreme Court, that a prosecutor 'generally will not have the same motive to develop testimony in grand jury proceedings as he does at trial.' See Salerno, 505 U.S. at —, 112 S. Ct. at 2508-09. . . . .Our point is simply that the inquiry as to similar motive must be fact specific, and the grand jury context will sometimes, but not invariably, present circumstances that demonstrate the prosecutor's lack of a similar motive. We accept neither the Government's view that the prosecutor's motives at the grand jury and at trial are almost always dissimilar, nor the opposing view . . . that the prosecutor's motives in both proceedings are always similar.

DiNapoli, 8 F.3d at 914.

At this time, the court does not have sufficient information about Filippone's grand jury testimony to determine whether the Government had a similar motive to cross-examine him at that time. By Friday June 22, the Government shall submit a description of Filippone's grand jury testimony and identify and describe the targets of the grand jury's investigation at the time Filippone was testifying, to the extent this is permitted by law. The Government shall also

8

provide the court with a copy of Filippone's complete grand jury testimony.  Basciano may respond to the Government's submission on or before Tuesday June 26.


SO ORDERED.


|  |  |
|---|---|
| Dated: June 19, 2007<br>Brooklyn, N.Y. |  /s/ Nicholas G. Garaufis <br>Nicholas G. Garaufis<br>United States District Judge |