UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                                             MEMORANDUM & ORDER

      v.                                            03-CR-929 (NGG)

VINCENT BASCIANO, et al.,

              Defendants.
------------------------------------------------------X

GARAUFIS, United States District Judge.

      On June 21, 2007, the New York Daily News, the New York Newsday, the New York Law Journal, and the New York Post, non-party newspapers ("the media"), filed a motion seeking access to the Government's trial exhibit 220a, a photograph depicting the victim Frank Santoro, his wife Maria Santoro, and their son (whose image was redacted from the photograph in evidence). Maria Santoro has testified at both the current trial and a previous trial involving Defendant Vincent Basciano. The media's motion is predicated on the Government's production to the media of a photograph from which the image of Maria Santoro was also redacted, which constitutes a modification of the exhibit as it was admitted at trial. The media has now objected to this redaction and moves this court to be provided with a copy of the exhibit as admitted at trial, to wit, a copy of the photograph which includes the image of Maria Santoro. The Government opposes, claiming that Maria Santoro's privacy rights supercede the media's presumption of access to the photograph as it was admitted in evidence. For the reasons set forth below, the media's motion is GRANTED.

      "[The] courts of this country recognize a general right to inspect and copy public records

and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). Indeed, "there is a 'strong presumption' in favor of allowing the public to inspect and copy 'any item entered in evidence at a public session of a trial.'" United States v. Graham, 257 F.3d 143, 149 (2d Cir. 2001) (quoting In re Application of National Broadcasting Co. v. Myers, 635 F.2d 945, 952 (2d Cir. 1980)). The Second Circuit has further explained that:

> Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction.

Myers, 635 F.2d at 952.

Here, the media seeks access to a photograph as it was admitted in evidence at trial. Because it was admitted in evidence in a public proceeding, the media is presumed to have access to it. See id.; Graham, 257 F.3d at 149. The Government's argument, that redaction of Maria Santoro's image is necessary to safeguard her privacy, hardly constitutes the "extraordinary circumstances" required to override that presumption, especially in light of the fact that Maria Santoro is not in the witness protection program and has appeared twice as a witness in open court, during which she was visible to those present in court. Further, there is nothing in the record to suggest that she could not have been photographed while she entered or exited from the courthouse. In fact, the Government has provided no reason, other than the mere fact of her testifying, upon which this court could conclude that redaction of her image from a photograph offered by the Government as evidence at trial is required to safeguard her privacy and protect her well-being.

Accordingly, the media's motion is GRANTED.


SO ORDERED.


|  | /s/ Nicholas G Garaufis |
|---|---|
| Dated: June 25, 2007 | Nicholas G. Garaufis |
| Brooklyn, N.Y. | United States District Judge |