UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

              MEMORANDUM & ORDER

  v.              03-CR-929 (NGG)


VINCENT BASCIANO,

    Defendant.
-----------------------------------------------------------X
GARAUFIS, United States District Judge.

  The Government alleges that Defendant Vincent Basciano ("Defendant" or "Basciano") committed multiple crimes as a member of the Bonanno crime family enterprise, including racketeering, conspiracy and solicitation to commit murder, conspiracy to distribute marijuana, and illegal gambling. Trial began on June 19, 2007. At this time, the Government has proffered that Nicholas Pisciotti ("Pisciotti"), a made member of the Bonanno crime family enterprise, intends to testify about certain statements made by Bruno Indelicato ("Indelicato"), another made member of the Bonanno crime family enterprise while both were incarcerated together at the Metropolitan Detention Center prior to Pisciotti's cooperation with the Government. Defendant objects to the admission of the following three statements: 1) that Basciano made Indelicato wait in the car while Frank Santoro ("Santoro") was murdered, that Indelicato did not need to be a participant in the murder because Basciano had amassed ten men to kill Santoro, and that Dominic Cicale ("Cicale"), a co-conspirator in the Bonanno crime family enterprise and a participant in the Santoro murder, should not have been inducted into the family because he had attempted to shoot Santoro yet had missed from close range; 2) that Indelicato was in his own car

1

as a lookout while Cicale had attempted, and failed, to shoot Santoro five times, that Basciano then had to shoot Santoro, and that, consequently, Cicale should not have been inducted into the family; and, 3) that Basciano had planned to kill Randy Pizzolo ("Pizzolo") as a "wake-up call."

Defendant has objected to the admission of these three statements, claiming that they were not made in furtherance of the enterprise and therefore do not constitute co-conspirator statements. Alternatively, they assert that should the court find that the statements are admissible as co-conspirator statements, they are more prejudicial than probative, and therefore should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. I will address each argument in turn.

I.      **Co-Conspirator Statements**

A statement is admissible as a coconspirator statement if the court finds two factors by a preponderance of the evidence: "first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy." United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999). Defendant has not objected to the statements' admission based upon the first prong of the analysis, and it has certainly been established by a preponderance of the evidence that Basciano, Piscotti, and Indelicato were all made members of the Bonanno crime family enterprise and that the enterprise constituted a conspiracy to commit crimes. Regarding the second prong, the Second Circuit has held that the "conspiratorial objective being furthered by the declarant's statement must in fact be the objective of a conspiracy between the defendant and the declarant." United States v. Russo, 302 F.3d 37, 45 (2d Cir. 2002).

Pisciotti has thus far testified that prior to having the discussions at issue, Basciano, who

had been serving as acting boss, was arrested and, in contemplating which member of the crime family should serve as Basciano's replacement during Basciano's incarceration, the Bonanno crime family enterprise had splintered into two factions. Pisciotti further testified that he and Indelicato were in one faction, and that it was Pisciotti's impression that the other faction, headed by Anthony Rabito ("Rabito") and Nicholas Santora ("Santora"), intended to murder him.[1] Piscotti has also testified that Cicale had played a prominent role in the enterprise during the course of the family's dispute.

I find that, so long as the Government can lay a proper foundation that statements one and two were discussed in the context of the state of the splintered Bonanno crime family enterprise and the perceived mistakes made by members of the enterprise contributing to the conflict, these two statements are admissible as co-conspirator statements. The statements reflect Indelicato's belief that Basciano was not a competent leader of the enterprise because Basciano was unable to properly orchestrate a murder and because Basciano had misplaced trust in Cicale's competence. These statements, therefore, squarely relate to the management, or perceived mismanagement, of the family, which in turn contributed to the splintering of the family – a situation which clearly was crucial to the future survival and success of the enterprise. As such, the statements further the conspiratorial objective of the defendant and declarant to run a well-organized, properly managed, and successful enterprise.

Regarding the third statement, the Government has not provided adequate context to

---

[1] To the extent that Defendant argues that Pisciotti could not have reasonably believed that Rabito and Santora planned to kill him because Rabito, Santora, and Indelicato claimed to Piscotti that no such plot existed, such an argument is not persuasive in light of the extensive testimony provided by numerous members of the Bonanno crime family enterprise during the trial that family members routinely lied in order to further their own personal goals.

establish that the statement was made in furtherance of the conspiracy. Therefore, the court reserves decision on the admissibility of this statement as a coconspirator statement, pending a proffer by the Government regarding the statement's furtherance of the enterprise.

**II.     Rule 403**

Rule 403 of the Federal Rules of Evidence permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Relying on Rule 403, Defendant objects to the admission of the statements. Defendant claims that they are being admitted for the purpose of establishing the mistakes made by the administration of the enterprise which caused the splintering. As such, Defendant argues that the statements' probative value is outweighed by the prejudice that he will suffer by being implicated as Santoro's murderer. Defendant, however, mistakenly perceives the reason underlying why the statements qualify as co-conspirator statements as being their probative value. The true purpose of the statements is to establish Basciano's role in the charged murder of Santoro, which is highly probative of Defendant's guilt of the charged crime. The prejudice that Defendant cites is, in actuality, the statements' probative value. As such, I find that the statements are more probative than prejudicial, and are therefore admissible pursuant to Rule 403.

SO ORDERED.

|  |  |
|---|---|
| Dated: July 17, 2007<br>Brooklyn, N.Y. | /s/ Nicholas G. Garaufis<br>Nicholas G. Garaufis<br>United States District Judge |