```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                                    MEMORANDUM & ORDER

          v.                                                        03-CR-929 (NGG)


VINCENT BASCIANO,

                    Defendant.
-----------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

      By letter dated January 21, 2008, Defendant Vincent Basciano ("Basciano" or "Defendant") requested an adjournment to file additional papers in support of his Fed. R. Crim. P. 33 ("Rule 33") post-trial motion for a new trial. (See Defense Counsel's January 21, 2008 letter to the court (Docket Entry # 1025) at 1.) Basciano requested a corresponding adjournment of his scheduled sentencing from February 14, 2008 "until after the post-trial motions have been fully briefed and decided." (Id.) The Government opposed adjournment of sentencing. (See Government's January 22, 2008 letter to the court (Docket Entry # 1027.) The parties appeared at a status conference on February 1, 2008, and, on February 4, 2008, Basciano filed additional arguments in support of his request to adjourn sentencing. (See Defense Counsel's February 4, 2008 letter to the court ("Feb. 4. Ltr.") (Docket Entry # 1040).)

      The request for adjournment of Basciano's sentencing date is GRANTED for the reasons set forth below, and the court hereby sets a revised post-trial briefing schedule, also set forth below.

**I.     Background**

Basciano has now been convicted by a jury twice. On May 9, 2006, a jury found Basciano guilty of, *inter alia*, racketeering conspiracy but deadlocked on a charge of conspiracy to murder and the murder of Frank Santoro ("Santoro"). On July 31, 2007, a jury found Basciano guilty of, among other charges, racketeering, including all charges pertaining to the Santoro murder. On October 8, 2007, Basciano filed his first post-trial motion for a new trial pursuant to Rule 33. (Docket Entry # 917.) Shortly thereafter, the court set February 14, 2008 as the date upon which Basciano would be sentenced for his convictions. Because the post-conviction motions are not fully briefed, the court has yet to render decision on Basciano's Rule 33 motion and his corresponding requests for an evidentiary hearing, release of Brady materials, and to compel certain discovery. (See Docket Entries # 917, 922, 999, 1003, 1004, 1008, 1021, 1025, 1027.)

**II.    Discussion**

The court is concerned that proceeding with sentencing on February 14, 2008, prior to resolution of defendant's post-trial motions, could pose procedural complications with respect to any subsequent appeal and could also result in "piecemeal and duplicative" litigation. In addition, United States v. Camacho, 302 F.3d 35 (2d Cir. 2002) (per curiam), the only case cited by the Government in favor of proceeding with sentencing, does not address the wisdom of proceeding with sentencing prior to resolving post-trial motions. Indeed, although the court is not aware of any absolute proscription on doing so, some circuits have counseled against the practice in fairly strong terms. See, e.g., United States v. Varah, 952 F.2d 1181, 1181 n. 1 (10th Cir. 1991) ("Only rarely should sentencing precede resolution of timely filed post-trial motions

pending at the time of sentencing because resolution of those motions may affect the underlying verdict"); see also United States v. Weissman, 94 CR. 760, 1997 WL 334966 at *11 n. 9 (S.D.N.Y. 1997).

There is, however, considerable merit to the Government's argument for "closure" for the families of the victims in this case, as post-trial briefing has thus far been unusually protracted. Therefore, the briefing scheduled set forth at the February 1 conference is hereby amended as follows:

(1)  Defendant's additional papers in support of his Rule 33 motion are due no later than February 18, 2008;

(2)  The Government's response is due no later than March 7, 2008;

(3)  Defendant's reply, if any, is due no later than March 12, 2008;

(4)  The court will not hold oral argument on the motion, but will decide the motion on submission.

There will be no extensions granted to this schedule absent extraordinary circumstances (i.e. those outside the control of the parties). Defendant Basciano's sentencing will take place on Monday, March 24, 2008 at 11:00 a.m. All proceedings scheduled for February 14, 2008 are cancelled.

SO ORDERED.

                                              s/ Nicholas G. Garaufis
Dated: February 4, 2008                NICHOLAS G. GARAUFIS
       Brooklyn, N.Y.                United States District Judge