UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**
03-CR-929 (NGG)

     v.

VINCENT BASCIANO,

                Defendant.
-------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Vincent Basciano ("Basciano" or "Defendant") moves for reconsideration of

this court's March 24, 2008 Memorandum and Order ("March 24 M&O") denying his motion for

a new trial, an evidentiary hearing, and discovery.  Basciano's motion for reconsideration focuses

on the court's conclusions and analysis surrounding the allegations that cooperating witness

Dominick Cicale ("Cicale") committed certain acts of vandalism while in prison and concocted a

bogus murder plot in which Basciano purportedly sought to kill Cicale.  Familiarity with the

March 24 M&O is assumed.  For the reasons set forth below, Defendant's motion is DENIED.

I.      **Standard of Review**

There is no specific rule providing for the reconsideration of a ruling on a criminal

matter.  United States v. Morrison, No. 04-CR-699 (DRH), 2007 WL 4326796, at *1 (E.D.N.Y.

December 7, 2007).  However, "when deciding motions for reconsideration in criminal matters,

courts in this district have resolved such motions according to the same principles that apply in

the civil context."  Id.  The standard for a motion for reconsideration in the civil context "is strict,

and reconsideration will generally be denied unless the moving party can point to controlling

decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc. 70 F.3d 255, 257 (2d Cir.1995) (citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Morrison, 2007 WL 4326796, at *1 (citation and internal quotation marks omitted).

## II.    Discussion

Defendant does not argue that the court overlooked controlling precedent.  Instead, Defendant argues that the court overlooked substantial portions of the record when it concluded that the Cicale allegations were not "material" as required to warrant a new trial.[1] (Memorandum

---

[1] In addition, in defense of Defendant's failure in his Reply Brief to challenge certain factual citations offered by the Government in its opposition brief, defense counsel state that "we were under substantial time restraints to file the reply brief because the government had filed its voluminous opposition late, and the Court denied our motion for a brief extension of time (which was made with the consent of the government)."  (Def.'s Br. at 2.)  Defendant further states that "[b]y contrast, the government did not seek our consent and did not move for permission to file its opposition out of time, and yet its papers were apparently accepted by the court."  (Id. at n.2.)  Finally, Defendant seeks to invoke the Government's late filing of sentencing-related material, which in fact the Government did file late, in an apparent attempt to suggest that Defendant is being treated unfairly.  (Id.)

The court first notes that defense counsel's claim that they lacked sufficient time to respond to the Government's factual assertions is belied by defense counsel's concession that these matters were already "addressed in greater detail" in one of their earlier submissions to the court.  (Def.'s Br. at 2-3.)  Furthermore, both parties were instructed to submit final, omnibus memoranda that incorporated all prior submissions and arguments.

In any case, as has happened before in this case (see Memorandum and Order dated February 8, 2008 (Docket Entry # 1044)), Defendant mischaracterizes the record in this instance. Defendant filed his initial voluminous opening brief on February 19, 2008 (Docket Entry # 1049), one day after the February 18, 2008 deadline.  The court accepted and considered his papers.  The Government filed its response on March 8, 2008 (Docket Entry # 1054), one day after its March 7, 2008 deadline.  The court accepted and considered its papers.  Defendant then filed his reply on March 13, 2008 (Docket Entry # 1060), one day after the March 12, 2008 deadline, notwithstanding the court's denial of his request for an extension of time.  Again, the

in Support of Motion for Reconsideration of Order Denying Motion for a New Trial, For an

Evidentiary hearing, and To Compel Discovery ("Def.'s Br.") at 1 (Docket Entry # 1067).) As he

did in his submissions in support of the original motion, Defendant again asserts that, based on

Cicale's centrality to the Government's case, his testimony would have been undermined had the

jury heard about the Cicale allegations. (Id. at 3-5.) Defendant points to the government's

repeated reference to Cicale's testimony in its closing argument as the primary facts the court

"appears to have overlooked." (Id. at 3-4.)

 The arguments and facts Defendant sets forth now are in essence the same arguments and

facts urged in his submissions in support of the original new trial motion, all of which the court

considered in deciding that motion. The transcript citations Defendant offers show only that the

Government referred to Cicale's testimony many times during its closing argument and that he

was an important Government witness. (See Def.'s Br. at 3-4). The court was aware of and

---

court accepted and considered his papers.
 It is disingenuous at best for Defendant to criticize the Government's one-day-late submission of its opposition brief and the court's acceptance of that brief without mentioning that each of its submissions was also submitted late and also accepted by the court. The court normally would not address such collateral matters. But Defendant has argued more than once that this court should have recused itself based on an appearance of partiality and/or actual bias. Hence, the court feels obligated to correct what appears to be an attempt to manufacture an erroneous record to support the contention of actual or apparent bias against Defendant. Defense counsel, of course, have a responsibility and a right to submit arguments in support of their position. However, those arguments should be based on well-founded characterizations, not distortions, of the record.
 Finally, the court notes that Basciano was convicted on July 31, 2007. The court has granted numerous significant extensions of time for Defendant to file and amend his submissions in support of his post-trial motion for a new trial, as well as authorizing at Defendant's request the appointment of additional counsel to assist with research and drafting. (See Defense Counsel's letter application dated October 10, 2007.) These extensions of time culminated in a final deadline of February 18, 2008, nearly seven months after Basciano's conviction. Such measures hardly constitute "substantial time restraints" on Defendant's ability to vigorously and thoroughly pursue his motion.

considered this evidence when it decided the post-trial motions (see March 24 M&O at 12-13 ("Finally, the court has reviewed the transcripts of the Government's arguments to the jury at trial.")) and still concluded that the significant independent evidence implicating Basciano as well as the significant impeachment evidence against Cicale rendered the Cicale allegations immaterial impeachment evidence, (id. at 8-13). As in his submissions in support of the original motion for new trial, Defendant again does not dispute the existence of the significant independent and corroborating evidence offered at trial in addition to Cicale's testimony, (see id. at 9-10), nor does he dispute the multitude of impeachment evidence offered against Cicale (see id. at 10-11).

In short, the court did not overlook the evidence to which Defendant now points in reaching its original decision. The significant independent and corroborating evidence offered against Basciano and the significant impeachment evidence offered against Cicale support the conclusion that the Cicale allegations do not warrant a new trial. See United States v. Parkes, 497 F.3d 220, 233 (2d Cir. 2007) ("[N]ew impeachment evidence is not material, and thus a new trial is not required, when the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable. "); United States v. Jackson, 345 F.3d 59, 74 (2d Cir. 2003) ("[A] new trial is generally not required when the testimony of the witness is corroborated by other testimony."); United States v. Orena, 145 F.3d 551, 558 (2d Cir. 1998) ("the existence of substantial independent evidence of guilt is unavoidably relevant to whether withheld impeachment evidence can reasonably call the jury's verdict into question") (citation omitted); United States v. Gambino, 59 F.3d 353, 366 (2d Cir. 1995) (holding that the lengthy and precise cross-

examination of the witness gave the jury "a fair opportunity to evaluate the witness' credibility" and thus the suppressed impeachment evidence was not material).

Finally, to the extent that it was not self-evident from the court's March 24 M&O, Defendant's motion for a new trial based on newly discovered evidence is denied. (See Def.'s Br. at 6.) The court declined to grant Basciano a new trial under the lower standard applicable to such a motion where the Government has suppressed evidence, namely where the question is whether the defendant received a fair trial, i.e., whether the Government's "evidentiary suppression undermines confidence in the outcome of the trial."[2] Kyles v. Whitley, 514 U.S. 419, 434 (1995); (see March 24 M&O at 5-7 & n.5.) Thus, Defendant necessarily cannot establish that he should receive a new trial under the more rigorous standard applicable to a motion based upon newly discovered evidence. Specifically, the standard requires a showing that admission of the newly discovered evidence would probably lead to an acquittal. See Parkes, 497 F.3d 220, 233 (2d Cir. 2007) ("A motion for a new trial on the ground of newly discovered evidence is granted only in the most extraordinary circumstances. Newly discovered evidence

---

[2] Defendant states that, by assuming both the truth of the Cicale allegations and that the Government suppressed those allegations, the court concluded "inferentially, that it was appropriate for the Government to conceal [evidence of the allegations] from the defense." (Def.'s Br. at 1.) The suggestion that this court concluded in its March 24 M&O, by inference or otherwise, that it is appropriate for the Government to conceal evidence from the defense that it is obligated to produce is without merit. Assuming without deciding that the Cicale allegations are true and that the Government suppressed them reflects the ubiquitous judicial practice of assuming without deciding an issue the resolution of which is unnecessary to the court's decision. See, e.g., United States v. Morrison, 449 U.S. 361, 364 (1981) ("Because we agree with the United States, however, that the dismissal of the indictment was error in any event, we shall assume, without deciding, that the Sixth Amendment was violated in the circumstances of this case.") This court believes, with a high degree of confidence, that the Supreme Court in Morrison did not conclude "inferentially" that violating the Sixth Amendment is "appropriate."

supports the grant of a new trial only if the defendant demonstrates that the evidence could not have been discovered through the exercise of due diligence before or during trial, and that the evidence is so material and noncumulative that its admission would probably lead to an acquittal.") (internal citations and quotations marks omitted).

The court has considered each of the additional arguments set forth in Defendant's brief and finds them to be without merit.

III.    **Conclusion**

For the foregoing reasons, Defendant's motion for reconsideration of the March 24 M&O denying his post-trial motion for a new trial, for an evidentiary hearing, and to compel discovery is DENIED.


SO ORDERED.

                                                    ___s/ Nicholas G. Garaufis___
Dated: March 31, 2008                               NICHOLAS G. GARAUFIS
       Brooklyn, N.Y.                               United States District Judge