MANDATE

10-3548-cr
United States v. Basciano

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
                PETER W. HALL,
                GERARD E. LYNCH,
                DENNY CHIN,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee,*

        v.                                              No. 10-3548-cr

VINCENT BASCIANO, AKA VINNY GORGEOUS, AKA VINNY FROM THE BRONX,
                *Defendant-Appellant.*

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, New York, JANE SIMKIN SMITH, Millbrook, New York. |
| FOR APPELLEE: | AMY BUSA, DAVID C. JAMES, TARYN A. MERKL, Assistant United States Attorneys *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, New York, New York. |

Appeal from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*) denying Appellant Basciano's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED**.

Vincent Basciano is presently serving a sentence of life imprisonment imposed after he was convicted in 2006 and 2007 of conspiratorial and substantive racketeering, illegal gambling, and conspiracy to distribute marijuana. Basciano appeals the denial of his third Rule 33 motion on the grounds that his conviction was obtained in violation of due process because the prosecution withheld exculpatory information relating to the murder of Randolph Pizzolo – evidence of which was admitted in both trials as "other act evidence" under Rule 404(b) of the Federal Rules of Evidence.[1]  *See Brady v. Maryland,* 373 U.S. 83 (1963). Specifically, Basciano argues that the government withheld evidence that (1) Pizzolo and cooperating witness Dominick Cicale murdered Nicholas Cirillo; (2) Pizzolo shot but did not kill Darren D'Amico; (3) Pizzolo purchased a life insurance policy after Basciano's arrest; (4) Dora Roman, Pizzolo's girlfriend, was unaware of animosity between Basciano and Pizzolo; and (5) there existed information contradicting Cicale's testimony about Basciano's role in Pizzolo's murder.

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." We review challenges to a district court's denial of such motion for an abuse of discretion. *United States v. Gallego*, 191 F.3d 156,

---

[1] In a separate indictment, Basciano was charged with Pizzolo's murder. *United States v. Basciano*, No. 05 cr 60 (NGG) (E.D.N.Y.) (dkt. # 1). On May 16, 2011, Basciano was convicted of murdering Pizzolo and subsequently sentenced to a life sentence. *Id.* at dkt. ## 1232, 1306.

2

161 (2d Cir. 1999), *abrogated on other grounds by Crawford v. Washington,* 541 U.S. 36 (2004); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and internal quotation marks omitted)).   A defendant seeking a new trial premised on a violation of *Brady* must demonstrate a "reasonable probability that, had the [suppressed information] been disclosed to the defense, the result of the proceeding would have been different."   *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995) (citation and internal quotations omitted).

On appeal, Basciano maintains that the government's failure to make the proper disclosures corrupted the district court's weighing of the probative and prejudicial evidentiary value of the Pizzolo murder.   That is, had the government provided Basciano and the district court with the complete picture, Basciano could have better argued to exclude altogether evidence of the Pizzolo murder; the district court would thus have fully appreciated Basciano's argument that the Pizzolo murder was not probative of any fact at issue in the two trials and was unduly prejudicial. This argument, however, was only cursorily put before the district court.   Rather, Basciano, in his 149-page motion to the district court, argued principally that the withheld evidence, had it been disclosed, would have materially altered the outcome at trial.   The district court denied this third motion for a new trial, holding that some of Basciano's claims had been decided by this court in a previous appeal and that Basciano's remaining claims were without merit because he failed to make the threshold showing that there exists a "reasonable probability" of a different result at trial had the government made the proper disclosures.   *United States v. Basciano*, 03 cr 929 (NGG),

3

2010 WL 3325409 (E.D.N.Y. August 19, 2010).   For the reasons that follow, we hold that the

district court did not abuse its discretion in denying Basciano's third motion for a new trial.   We

assume the parties' familiarity with the facts, issues raised, and the record of the prior proceedings,

which we reference only as needed to explain our decision.

      A.     <u>Basciano's Previous Rule 33 Motion and Prior Appeal</u>

      Following the 2007 trial, Basciano filed a Rule 33 motion (his second) asserting, *inter alia*,

that the Government had not disclosed evidence that Dominick Cicale, a cooperating witness, had

conjured up a jailhouse plot framing Basciano and a corrections officer for a plot to murder

Cicale.[2]   *See United States v. Basciano,* 2008 WL 794945 (E.D.N.Y. March 24, 2008).   The

district court denied the motion and Basciano appealed.   *See United States v. Basciano,* 384 F.

App'x 28 (2d Cir. 2010).   After filing that notice of appeal but before filing his opening brief on

appeal, Basciano also learned from subsequent disclosures that the government had also withheld

evidence concerning Basciano's role in the Pizzolo murder, which he asserts was exculpatory.

Basciano raised these new challenges in his opening brief in the then-pending appeal.   *See* Brief

of Appellant, *United States v. Basciano*, No. 08-1699-CR (2d Cir. Dec. 9, 2009).   He also filed the

instant Rule 33 motion based on these new disclosures.

      The briefing in that prior appeal reveals that Basciano asserted the government had

engaged in a pattern of suppressing exculpatory evidence.   *Id.* at 169.   In support of that

argument, Basciano detailed the government's failure to furnish the defense with "several highly

exculpatory documents," including evidence of the proffer statement of Frank Vasaturo indicating

---

[2] To the extent that Basciano challenges in this appeal evidence not disclosed in connection with
the 2006 trial, the claims are barred by Rule 33's three-year limitation for bringing claims of newly
discovered evidence.

that Pizzolo and Cicale murdered Cirillo.   *Id.*   Vasaturo's proffer statement, Basciano argued, would have supported an inference that someone other than Basciano had a motive to murder Pizzolo.   Basciano also claimed that evidence that Pizzolo had sought an insurance policy after Basciano was in custody could have shown that it was not Basciano whom Pizzolo feared.   *Id.* at 172.   Basciano argued in his first appeal that the failure to disclose this evidence deprived him of his right to due process of law and warranted a new trial.   *Id.* at 173.

In its responsive brief in that appeal, the government argued that Basciano possessed evidence sufficient to impeach Cicale, and that any non-disclosure on its part did not have an adverse impact on Basciano's ability to cross examine and impeach Cicale.   *See* Brief of Appellant at 100, *United States v. Basciano*, No. 08-1699-CR (2d Cir. April 13, 2010).   The government also pointed out that (1) six months before the 2006 trial it had disclosed the fact of Pizzolo's life insurance application; (2) it had disclosed that other persons besides Basciano had a motive to murder Pizzolo and that such evidence was elicited at trial; and (3) Basciano was independently aware of evidence indicating Cicale acted alone in committing the Pizzolo murder. *Id.* at 100-01.   The evidence that was elicited in the 2007 trial included testimony that (1) Pizzolo shot but did not kill Darren D'Amico and therefore D'Amico had a motive to kill Pizzolo and that (2) Cicale may have killed Pizzolo on his own without Basciano's involvement.   *Id.* at 100-101. Additionally, the government conceded that Vasaturo's proffer statements should have been disclosed but noted that Basciano had other means to explore Cicale and Pizzolo's involvement in Cirrillo's death.   *Id.* at 102.   The government thus argued in that first appeal that because the defense had available to it, and in fact used, substantially similar evidence that others had a motive

to kill Pizzolo, Basciano could not demonstrate that he was prejudiced by the failure to disclose additional potentially exculpatory evidence. *Id.* at 101.

By summary order, this Court decided in that appeal that the information withheld by the government, including the Vasaturo proffer statement, did not reasonably undermine the confidence in the jury's guilty verdict in light of the extensive record corroborating Cicale's testimony and independently implicating Basciano in the crimes of conviction. We concluded at that time that all of Basciano's claims then on appeal were without merit. *See Basciano,* 384 F. App'x at 31.

B.   Claims in the Present Appeal

In the instant appeal, Basciano urges (1) that this Court did not *fully* consider in the prior appeal the exculpatory value of the undisclosed evidence related to the Pizzolo murder; and (2) that his arguments about the Pizzolo murder included in his prior appeal brief were solely for background purposes and thus this Court could not have decided the viability of the non-disclosure arguments he advances at this time. Accordingly, Basciano now asks us to conclude that the district court erred in holding that it was barred by the mandate rule from considering the *Brady* claims raised in the prior appeal. Further, once we determine that those claims are not already decided, we are then asked to hold that the government's failure to disclose exculpatory evidence corrupted the district court's 404(b) analysis, and therefore Basciano is entitled to a new trial because there exists "a reasonable probability that, had [the information] been disclosed to the defense, the result of the proceeding would have been different." *Kyles*, 514 U.S. at 433-34 (citation and internal quotation marks omitted).

1.    *Law of the Case*

The law-of-the-case doctrine's mandate rule provides: "where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court."   *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (internal quotation marks omitted).   "When an appellate court has once decided an issue, the trial court, at a later stage in the litigation, is under a duty to follow the appellate court's ruling on that issue . . .." *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977). The mandate rule "forecloses relitigation of issues *expressly or impliedly* decided by the appellate court."   *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (internal quotation marks omitted) (emphasis added).

Basciano clearly stated in his first appeal brief that the first issue presented for review was whether the government's suppression of evidence was part of a pattern of conduct that denied him his right to due process of law.   *See* Brief of Appellant at 2, *United States v. Basciano*, No. 08-1699-CR (2d Cir. Dec. 9, 2009).   In that argument, Basciano plainly identified as items of concern the following: the Vasaturo proffer; Pizzolo's purchase of a life insurance policy shortly before he was murdered; evidence that Pizzolo shot Darren D'Amico; and statements made by Al Perna contradicting Cicale.   *Id.* at 169-73.   Each of these, Basciano argued, was exculpatory material suppressed by the government, thus depriving him of his right to due process of law, *see* Reply Brief of Appellant at 35, *United States v. Basciano*, No. 08-1699-CR (2d Cir. June 4, 2010). Addressing that argument, this Court decided that those non-disclosures did not warrant a new trial.   *See Basciano,* 384 F. App'x 28 at 31-32, 34.   In deciding the present Rule 33 motion, therefore, the district court did not err in determining that Basciano's arguments regarding the

non-disclosure of that evidence had already been resolved, if not directly, at least implicitly, by this Court.   Accordingly, the district court did not exceed its discretion in denying Basciano a new trial.

2.   *District Court's Admission of the Pizzolo Murder*

Accepting for this analysis that Basciano fully presented to the district court the argument that the non-disclosure corrupted the district court's 404(b) analysis, we nonetheless conclude that Basciano fails to demonstrate that the evidence he asserts was suppressed, in whole or in part, would have persuaded the district court to exclude from the trial evidence of the Pizzolo murder. In determining whether to admit "other act" evidence under Rule 404(b), district courts follow our "'inclusionary' approach," meaning such evidence may be admitted under Rule 404(b) "for any purpose other than to demonstrate criminal propensity."   *United States v. LaFlam*, 369 F.3d 153, 156 (2d Cir. 2004) (per curiam).   Evidence of the Pizzolo murder and Basciano's involvement in it was admitted by the district court for the purpose of telling the complete story behind the charged crimes — namely the murder of Frank Santoro — to show the evolution of relationships of trust, to shed light on the background of the enterprise, to corroborate the testimony of cooperating witnesses, and to rebut Basciano's claim that he was incapable or unwilling to violate the rules of organized crime.   Admission of 404(b) evidence is entirely appropriate to explain, as it did here, the development of criminal relationships and to illustrate that mutual trust existed between coconspirators.   *United States v. Williams,* 205 F.3d 23, 33-34 (2d Cir. 2000).

At oral argument, Basciano emphasized that the now-disclosed evidence, especially the Vasaturo proffer, would have had a significant impact on the district court's admission of evidence

8

concerning the Pizzolo murder.[3]  We are not so persuaded.   The evidence identified in Basciano's brief on appeal suggests only that it would have been helpful to the defense to argue that others had a motive to murder Pizzolo and that Cicale's testimony was not credible.   The record reveals, however, that both arguments *were* put before the district court and the jury.   Indeed, the jury and the district court heard testimony that Pizzolo had shot but not killed D'Amico and that Cicale had told others, without referencing Basciano, that he, Cicale, was responsible for killing Pizzolo, and that another person, Michael Mancuso, had been involved in ordering the hit on Pizzolo. Additionally, as we noted in our prior decision, "Cicale's life-long and murderous criminal history, coupled with his record of deceit and violence while cooperating with federal authorities and inconsistent statements in his own testimony, provided such fertile grounds for impeachment as to occupy nearly 300 pages of transcript spanning two days."   *Basciano*, 384 F. App'x at 31. We cannot hold, therefore, that the disclosure of evidence further impeaching Cicale's credibility would have persuaded the district court to exclude evidence of the Pizzolo murder.

---

[3]  In his third Rule 33 motion, Basciano raised for the first time the government's failure to disclose Richard Adler's proffer statement and the FBI report which indicated that Adler met with Pizzolo on the night of his murder to discuss life insurance.   Basciano argued that if he had known about the proffer statement he could have used it to challenge Cicale's testimony and inquire into Pizzolo's state of mind.   The district court rejected this argument as speculative.   Basciano also argued, in his third Rule 33 motion, that the government untimely disclosed: (1) Dora Roman's grand jury testimony and FBI report indicating that Pizzolo confessed to her that he had killed Cirillo; and (2) Al Perna's grand jury testimony contradicting Cicale's trial testimony regarding who told Cicale about Basciano's arrest and the conditions at the construction site that purportedly fueled Basciano's desire to murder Pizzolo.   The district court concluded that the information related to Roman's FBI report did not create a reasonable probability of a different outcome at trial, and that Perna's grand jury testimony contained only information that was already known or available to Basciano and to the extent the testimony could have been used to impeach Cicale, it was merely cumulative of other evidence introduced at trial.

Furthermore, even if we were to decide that the non-disclosed evidence should have been disclosed to the district court and that the district court thereafter would have excluded evidence of the Pizzolo murder, Basciano would still not be entitled to a new trial.   *Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006) (the non-disclosure of exculpatory evidence requires reversal only if such evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict" (internal quotation marks omitted)).   There was a multitude of other evidence presented concerning the actual charges against Basciano that did not hinge on the testimony of Cicale, through whom evidence of the Pizzolo murder was admitted. With respect to the Santoro murder charge, the jury considered Basciano's own recorded statements, the testimony of cooperating witnesses Salvatore Vitale, Nicholas Pisciotti, Richard Cantarella, and James Tartaglione, as well as the testimony of Kenneth Champlin and Carmine Naddeo, and physical evidence corroborating the details of the Santoro murder provided by the witnesses.

Having considered all of Basciano's *Brady* claims concerning the Pizzolo murder both individually and in conjunction with each of his previously appealed *Brady* claims, *see Kyles,* 514 U.S. 419; *see also United States v. Jackson*, 345 F.3d 59, 73-74 (2d Cir. 2003) (instructing that courts should consider "the cumulative effect of suppression in light of the evidence as a whole" (internal quotation marks omitted)), we hold that Basciano has failed to make a threshold showing that not only would the district court's evidentiary ruling have been different but, more pointedly, that there exists a "reasonable probability" of a different result at trial had the government disclosed the identified evidence.   We have considered all of Basciano's arguments on appeal, not simply those identified in this order, and conclude that the district court acted within its discretion

in refusing to order a new trial based on the government's failure to disclose information

concerning the murder of Randolph Pizzolo.   The order of the district court denying Basciano's

motion for a new trial is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit